■ TOWN OF CLARKSTOWN, Respondent, v M.R.O. PUMP & TANK, INC., et al., Appellants, et al., Defendants. [731 NYS2d 231] —In an action to enjoin the defendants from using certain properties as bus storage facilities, the defendants M.R.O. Pump & Tank, Inc., Michael Oliva, and Deborah Oliva appeal from an order of the Supreme Court, Rockland County (Bergerman, J.), dated April 25, 2000, which denied their motion to vacate a stipulation dated October 25, 1999.

Ordered that the order is affirmed, with costs.

The defendants M.R.O. Pump & Tank, Inc., Michael Oliva, and Deborah Oliva (hereinafter the defendants) own three parcels of land located near each other in Nanuet in the Town of Clarkstown (hereinafter the Town). In July 1999, the Town commenced this action to enjoin the defendants from using the parcels as bus storage facilities. The Town served the defendants with an order to show cause dated July 16, 1999, containing a temporary restraining order preventing them from storing buses on the parcels. The Town later sought to hold the defendants in contempt for failing to comply with the temporary restraining order. On October 25, 1999, defense counsel and Michael Oliva appeared in court, and a stipulation of settlement was placed on the record whereby the defendants agreed to remove all buses from the premises by December 1, 1999, and the Town agreed to withdraw all pending motions. Approximately three months later, the defendants moved to vacate the stipulation of settlement. The Supreme Court denied the motion.

The defendants' motion to vacate the stipulation of settlement was properly denied. Stipulations of settlement are favored by courts and are not to be lightly set aside, particularly where the terms of the stipulation were read into the record and the party seeking to vacate the stipulation was represented by counsel (*see, Matter of Galasso,* 35 NY2d 319, 321; *Daniel v Daniel,* 224 AD2d 573; *Bossom v Bossom,* 141 AD2d 794). Relief from a stipulation will be granted only upon a showing of good cause sufficient to invalidate a contract, such as fraud, overreaching, duress, or mistake (*see, Hallock v State of New York,* 64 NY2d 224, 230; *Zwirn v Zwirn,* 153 AD2d 854). The defendants failed to make such a showing in this case.

In view of the defendants' deliberate failure to comply with the temporary restraining order contained in the order to show cause dated July 16, 1999, the Town's exercise of its legal right to enforce the restraining order by way of a contempt motion did not constitute duress such as would nullify the stipulation (*see, Willig v Rapaport,* 81 AD2d 862; *Helwig v Wilkens,* 51 AD2d 694). Nor are the terms of the stipulation so inequitable as to be deemed unconscionable. Courts will not set aside a stipulation on the ground of unconscionability simply because, in hindsight, a party decides that the agreement was improvident (*see, Kazimierski v Weiss,* 252 AD2d 481; *Warren v Rabinowitz,* 228 AD2d 492). Moreover, the fact that Deborah Oliva was not present in court when the stipulation was placed on the record does not invalidate it since, under the circumstances

of this case, it is evident that counsel was clothed with the authority to bind her to the agreement (*see, Hallock v State of New York, supra; Ruxton v Ruxton,* 181 AD2d 876). There is no evidence of fraud or overreaching on the part of the Town.

The defendants' remaining contentions are without merit. Krausman, J. P., S. Miller, Friedmann and Schmidt, JJ., concur.