In the Matter of Gus Halouvas et al., Respondents, v Edward Pagan, Appellant, et al., Respondent. [775 NYS2d 374]—

In a proceeding pursuant to CPLR article 75 to vacate an arbitration award, Edward Pagan appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Covello, J.), dated September 22, 2003, as granted the petition only to the extent of remitting the matter to the arbitrator to modify the award to reflect the status of William Mancusi as a party to the arbitration proceeding rather than directing that a new arbitration proceeding be held before a different arbitrator, and, sua sponte, directed Edward Pagan to pay "all fees."

Ordered that on the Court's own motion, so much of the notice of appeal as purports to appeal as of right from that portion of the order as, sua sponte, directed Edward Pagan to pay "all fees" is treated as an application for leave to appeal, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is modified, on the law and in the exercise of discretion, by (1) deleting the provision thereof granting the petition to the extent of remitting the matter to the arbitrator to reflect William Mancusi's status as a party to the arbitration proceeding and substituting therefor a provision modifying the award to reflect that William Mancusi is a party to the arbitration proceeding and award, and to provide that Edward Pagan is to pay to William Mancusi and Gus Halouvas

the total sum of $4,566.85, and confirming the award as so modified, and (2) deleting the provision thereof directing Edward Pagan to pay "all fees"; as so modified, the order is affirmed insofar as appealed from, with costs payable by Edward Pagan, and the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment in accordance herewith.

The appellant, Edward Pagan, co-owned an airplane along with the respondents Gus Halouvas and William Mancusi. Each contributed $18,000 toward the purchase of the plane, and each thereafter was required to pay a "monthly sum to cover regular, fixed costs including . . . tie-down rent . . . taxes and insurance." Pagan decided to surrender his one-third interest in the airplane and sought the return of the "full amount" he had paid into the venture. The ensuing dispute between the parties was submitted to an arbitrator.

The arbitrator determined, among other things, that Pagan was entitled to a return of his $18,000 capital contribution, but that he owed a total of $22,566.85 to the other two co-owners because of arrears in his required monthly payments. The award therefore required Pagan to pay $4,566.85 to "the remaining co-owners." The arbitrator, believing (incorrectly according to the parties) that Mancusi was not a party to the arbitration, directed Pagan to pay the sum of $4,566.85 to Halouvas, "on behalf of" both Halouvas and Mancusi.

Thereafter, Pagan petitioned the Supreme Court to vacate the award. Among other things, Pagan argued that the arbitrator "imperfectly executed" the award due to his mistake regarding Mancusi's party status. Thus, Pagan further argued, a definite award was not made (see CPLR 7511 [b] [1] [iii]). Pagan asked that a new arbitration be conducted before a different arbitrator.

The Supreme Court granted Pagan's petition only to the extent of remitting the matter to the same arbitrator for correction of the alleged mistake in Mancusi's party status in the arbitration proceeding. In addition, the Supreme Court, sua sponte, directed Pagan to pay "all fees," without describing precisely what fees were contemplated. We modify to delete the latter provision, and to correct the award to reflect Mancusi's status as a party to the arbitration proceeding and the award.

Pagan did not challenge the award to the extent it found, among other things, that he was in default of his obligation to pay his share of expenses and assessments, and that he owed his former partners the total sum of $4,566.85. His challenge was limited to the arbitrator's alleged mistake in Mancusi's status as a party to the arbitration proceeding. That error did

not affect the arbitrator's ultimate determination that Pagan owed the sum of $4,566.85 to his former partners, and that determination should be confirmed (*see Johnston v Johnston*, 161 AD2d 125, 129 [1990]). Under the circumstances of this case, Pagan has no right to an entirely new hearing before a different arbitrator, and the Supreme Court correctly denied Pagan's petition to the extent it sought that relief.

None of the parties disputes that Mancusi was intended to be a party to the arbitration proceeding. Mancusi participated therein and provided testimony. Therefore, the Supreme Court properly recognized that the award must be corrected to reflect Mancusi's party status. The Supreme Court remitted the matter to the arbitrator to make the necessary ministerial correction of the award. However, under the circumstances of this case, it properly could have treated the petition to vacate the award as one to modify it, since the alleged defect in the award involved "a matter of form, not affecting the merits of the controversy" (CPLR 7511 [c] [3]). At this stage, remittal to the arbitrator would create additional, and unnecessary, delay and expense.

The Supreme Court's sua sponte direction that Pagan pay "all fees," presumably means those to be incurred in future arbitration proceedings. In light of our disposition of this case, such an award has been rendered unnecessary. Even if that were not so, we note that the Supreme Court erred in making such an award. CPLR 7513 states that fees incurred in an arbitration "shall be paid as provided in the award," and permits the court, upon subsequent application, to "reduce or disallow" such fees, or "allocate [such fees] as justice requires." Unless and until the arbitrator issues an award that requires one or another of the parties to pay additional fees or expenses, the court need not address any issue in this respect (*see* CPLR 7513). Ritter, J.P., H. Miller, S. Miller and Crane, JJ., concur.