■ BRUCE KELLEY et al., Respondents, v GREGORY CHAVEZ et al., Appellants. [821 NYS2d 466]—

In an action to recover possession of real property, defendants Gregory Chavez appeals, and the defendant Kristina Heuser, sued herein as Kristina Huser, separately appeals, from (1) an order of the Supreme Court, Queens County (Grays, J.), dated July 27, 2005, which denied the motion of the defendant Gregory Chavez to vacate a stipulation of settlement entered into by the parties on February 15, 2005, and to reinstate a preliminary injunction and motion to dismiss that were withdrawn under the terms of that stipulation, and (2) an order of the same court, also dated July 27, 2005, which denied the motion of the defen-

dant Gregory Chavez to vacate a judgment of the same court dated April 7, 2005, and (3) the defendant Kristina Heuser, sued herein as Kristina Huser, also appeals from an order of the same court, also dated July 27, 2005, which denied her motion to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction.

Ordered that the appeals by the defendant Kristina Heuser, sued herein as Kristina Huser, from the two orders dated July 27, 2005, denying the motions of the defendant Gregory Chavez are dismissed, as she is not aggrieved by those orders (*see* CPLR 5511); and it is further,

Ordered that the orders are affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents.

The motion of the appellant Gregory Chavez to vacate a written stipulation of settlement was properly denied. Stipulations of settlement are favored by the courts and are not to be lightly set aside (*Daniel v Daniel*, 224 AD2d 573 [1996]), especially where, as here, the party seeking to vacate the stipulation was represented by counsel (*see Hallock v State of New York*, 64 NY2d 224, 230 [1984]; *Town of Clarkstown v M.R.O. Pump & Tank*, 287 AD2d 497, 498 [2001]; *Kazimierski v Weiss*, 252 AD2d 481 [1998]). Relief from a stipulation will be granted only upon a showing of good cause sufficient to invalidate a contract, such as fraud, overreaching, duress, or mistake (*see Hallock v State of New York, supra* at 230; *Town of Clarkstown v M.R.O. Pump & Tank, supra; Kazimierski v Weiss, supra*). Here, Chavez's submissions did not amount to a showing of good cause sufficient to invalidate the stipulation.

The motion of the appellant Kristina Heuser, sued herein as Kristina Huser, to dismiss the action insofar as asserted against her for lack of personal jurisdiction was properly denied. We agree with the Supreme Court that Heuser's objections to personal jurisdiction amounted to a bare denial of service of process, which was insufficient to warrant a hearing (*see Chemical Bank v Darnley*, 300 AD2d 613 [2002]; *Greenpoint Sav. Bank v Aponte*, 238 AD2d 376 [1997]; *Granite Mgt. & Disposition v Sun*, 221 AD2d 186 [1995]).

The appellants' remaining contentions are without merit. Miller, J.P., Adams, Skelos and Covello, JJ., concur.