■ NONGYAW TRAKANSOOK et al., Appellants, v SEGUN KERRY, Respondent. [844 NYS2d 878]—

In an action, inter alia, to recover damages for breach of contract, the plaintiffs appeal from an order of the Supreme Court, Queens County (Gavrin, J.), dated August 10, 2006, which denied their motion pursuant to CPLR 5015 to vacate a stipulation of settlement of this action.

Ordered that the order is affirmed, without costs or disbursements.

The Supreme Court properly denied the plaintiffs' motion to vacate a stipulation of settlement placed on the record in open court. Generally, "[s]tipulations of settlement are favored by the courts and are not to be lightly set aside, especially where, as here, the part[ies] seeking to vacate the stipulation [were] represented by counsel" (*Kelley v Chavez*, 33 AD3d 590, 591 [2006] [citation omitted]; *see Hallock v State of New York*, 64 NY2d 224, 230 [1984]; *Town of Clarkstown v M.R.O. Pump & Tank*, 287 AD2d 497, 498 [2001]). Moreover, parties seeking to set aside such a stipulation will be granted such relief only upon a showing of good cause sufficient to invalidate a contract, such as fraud, overreaching, duress or mistake (*see Hallock v State of New York*, 64 NY2d at 230; *Kelley v Chavez*, 33 AD3d at 591; *Town of Clarkstown v M.R.O. Pump & Tank*, 287 AD2d at 498). Here, the plaintiffs' submissions failed to demonstrate good cause sufficient to warrant vacatur of the stipulation. Crane, J.P., Spolzino, Krausman and McCarthy, JJ., concur. [*See* 13 Misc 3d 1201(A), 2006 NY Slip Op 51632(U).]