■ ANTHONY MACALUSO, SR., Appellant, v SANTO MACALUSO, JR., et al., Respondents. [879 NYS2d 581]—

In an action, inter alia, pursuant to Business Corporation Law § 716 to remove the defendant Santo Macaluso, Jr., as an officer and director of the defendant S&M Heating Corp., the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Emerson, J.), dated February 5, 2008, as denied his cross motion to set aside the stipulation of settlement entered into by the parties on July 6, 2007.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court properly denied the plaintiff's cross motion to set aside the parties' stipulation of settlement. "Stipulations of settlement are favored by the courts and are not to be lightly set aside, especially where, as here, the party seeking to vacate the stipulation was represented by counsel" (*Kelley v Chavez,* 33 AD3d 590, 591 [2006] [citation omitted]; see *Hallock v State of New York,* 64 NY2d 224, 230 [1984]; *Trakansook v Kerry,* 45 AD3d 673 [2007]; *Town of Clarkstown v M.R.O. Pump & Tank,* 287 AD2d 497, 498 [2001]). Moreover, parties seeking to set aside such a stipulation will be granted such relief only upon a showing of good cause sufficient to invalidate a contract, such as fraud, overreaching, duress, or mistake (see *McCoy v Feinman,* 99 NY2d 295, 302 [2002]; *Hallock v State of New York,* 64 NY2d at 230; *Trakansook v Kerry,* 45 AD3d 673 [2007]; *Kelley v Chavez,* 33 AD3d at 591; *Town of Clarkstown v M.R.O. Pump & Tank,* 287 AD2d at 498). Here, the plaintiff's submissions failed to demonstrate good cause to set aside the stipulation. Skelos, J.P., Fisher, Leventhal and Lott, JJ., concur. [*See* 2008 NY Slip Op 30380(U).]