OPINION OF THE COURT
Carolyn E. Wade, J.
After oral argument, Troy Fuller (respondent) moves for an order vacating a stipulation, dated March 11, 2010, and staying the instant proceeding pending a final determination of the New York City Loft Board.
The underlying commercial summary nonpayment proceeding was commenced by Metroeb Rlty Corp. & Realty Mgmt. Co. (petitioner) to recover rent arrears from Troy Fuller. Respondent rents the 4th floor in a building located at 11-17 Hope Street, Brooklyn, New York 11211 (subject premises).
On March 11, 2010, both parties, represented by counsel, executed a stipulation, which, inter alia, converted this action into a holdover proceeding, and awarded petitioner a final judgment of possession, with the warrant stayed through June 30, 2011. The settlement was “so ordered” by the Honorable Peter Sweeney, Judge of the Civil Court.
Thereafter, effective June 21, 2010, the New York State Legislature expanded the definition of “interim multiple dwelling” in article 7-C of the Multiple Dwelling Law (Loft Law). In particular, section 281 (5) of the amended statute has included within the term’s meaning: a building that (1) was used for residential purposes by three or more families, living in separate units, for at least 12 consecutive months during the period of January 1, 2008 through December 31, 2009; (2) lacks a residential certificate of occupancy; and (3) was at any time occupied for commercial, manufacturing or warehouse purposes.
The instant motion ensued.
In support, respondent argues that the subject premises are statutorily covered by the expanded definition of “interim multiple dwelling.” To buttress his contentions, respondent annexes to his motion a copy of the certificate of occupancy, which reflects that the subject premises were once a clothing factory. He also attaches a copy of a coverage application, dated March 18, 2011, that he and other occupants jointly filed with the New York City Loft Board. Respondent asserts that the stipulation should be vacated since his residential occupation is now legally *943 protected by the amended law. In fact, respondent avers, “[h]ad the Loft Law existed when I did the settlement, I never would have agreed to it.” He further asserts that private parties cannot enter into agreements that remove tenants from rent regulation. In his memorandum of law, respondent cites several cases where courts vacated stipulations that were executed in violation of existing rent stabilization laws.
Petitioner, in opposition, contends that since the amended Loft Law took effect immediately upon its passage, it could not be applied retroactively. It notes that respondent, who is represented by counsel, reaped the benefits that he bargained for under the stipulation, and has failed to establish proper grounds to vacate it. It also points out that there is no provision in the amended law which directs the vacatur of previously entered stipulations and judgments. Petitioner adds that when a judgment becomes final, it cannot be affected by subsequent legislation.
In rebuttal, respondent maintains that as a residential occupant of the subject premises, he can now benefit from the protections of the amended Loft Law. He further represents that Multiple Dwelling Law § 286 (12) reflects that the waiver of his rights in the stipulation is unenforceable.
It is well settled that stipulations of settlement are favored, and are not lightly cast aside, “especially where . . . the party seeking to vacate the stipulation was represented by counsel” (Kelley v Chavez, 33 AD3d 590, 591 [2d Dept 2006]; see Town of Clarkstown v M.R.O. Pump & Tank, 287 AD2d 497 [2d Dept 2001]; see also 144 Woodruff Corp. v Lacrete, 154 Misc 2d 301, 302 [Civ Ct, Kings County 1992] [“A party’s lack of representation at the time of entry into the stipulation is a significant factor to be considered in determining whether good cause exists to vacate the stipulation”]).
A party can be relieved of a stipulation only upon a showing of fraud, collusion, mutual mistake or accident (Asset Mgt. & Capital Co., Inc. v Nugent, 85 AD3d 947 [2d Dept 2011]). Moreover, courts hold that “settlement agreements that have been £so-ordered’ by the court have the same effect as though the court itself had rendered a decision in the matter” (Joseph v Nationwide Ins. Co., 2002 NY Slip Op 50473[U], *3 [Civ Ct, NY County 2002]).
In the instant case, both parties were represented by counsel when they memorialized their settlement in a written stipulation, dated March 11, 2010. The stipulation, allocuted by the *944 Honorable Peter P. Sweeney, Judge of the Civil Court, constitutes a decision.
This court finds that respondent fails to establish any of the above grounds to warrant the vacatur of the stipulation. Moreover, the cases cited by respondent are unavailing, as they concern stipulations that were vacated because they were in contravention of existing rent stabilization laws. By contrast, here, the amended Loft Law was not in effect at the time that the parties executed the stipulation.
The New York Court of Appeals holds that “Amendments are presumed to have prospective application unless the Legislature’s preference for retroactivity is explicitly stated or clearly indicated” (Matter of Gleason [Michael Vee, Ltd.], 96 NY2d 117, 122 [2001]; see also A.T. Med., P.C. v State Farm Mut. Ins. Co., 10 Misc 3d 568 [Civ Ct, Queens County 2005]; McKinney’s Cons Laws of NY, Book 1, Statutes § 52). In fact, Statutes § 58 provides that “[a] judgment, after it becomes final, may not be affected by subsequent legislation.”
After careful evaluation of the amended Loft Law, it is the opinion of this court that the statute does not contain any language that directs a retroactive application. Rather, the legislation expanded the definition of “interim multiple dwelling,” on June 21, 2010 — the date that it became effective. Respondent concedes, “[h]ad the Loft Law existed when I did the settlement, I never would have agreed to it.” However, respondent’s hindsight regrets offer no basis for relief from the stipulation. Moreover, the judgment of possession for petitioner, as set forth in the stipulation, cannot be disturbed by the subsequent amendment.
Respondent suggests that the stipulation constitutes an unenforceable waiver of his rights pursuant to Multiple Dwelling Law § 286 (12). The provision, in pertinent part, reads: “No waiver of rights pursuant to this article by a residential occupant qualified for protection pursuant to this article made prior to the effective date of the act which added this article [June 21, 1982] shall be accorded any force or effect” (emphasis added).
This statutory provision concerns a residential occupant’s waiver of rights prior to June 21, 1982. Consequently, section 286 (12) is inapplicable to this case, where the stipulation was executed on March 11, 2010. In fact, courts define a waiver as a “voluntary abandonment or relinquishment of a known right” (Matlak v Zietek, 2009 NY Misc LEXIS 2583, *6 [Sup Ct, Kings *945 County 2009]; see also Jefpaul Garage Corp. v Presbyterian Hosp. in City of N.Y., 61 NY2d 442 [1984]). It is undisputed that respondent executed the stipulation prior to the passage of the amendment; thus, he did not waive a “known right” under the statute.
Lastly, respondent filed the instant motion at the “eleventh hour” on May 12, 2011, despite the fact that the execution of the warrant was stayed through June 30, 2011. It is evident to the court that respondent’s motion practice is a delay tactic used to avoid his legal obligations.
Accordingly, based upon the above, respondent’s motion is denied in its entirety. All stays are hereby lifted.