■ FREIGHT BROKERS GLOBAL SERVICES, INC., Appellant, v ROBERT L. MOLFETTA et al., Respondents. [935 NYS2d 122]—■

"Stipulations of settlement are favored by the courts and are not to be lightly set aside, especially where, as here, the party seeking to vacate the stipulation was represented by counsel" (*Kelley v Chavez*, 33 AD3d 590, 591 [2006] [citation omitted]; *see Hallock v State of New York*, 64 NY2d 224, 230 [1984]; *Macaluso v Macaluso*, 62 AD3d 963 [2009]; *Trakansook v Kerry*, 45 AD3d 673 [2007]; *Town of Clarkstown v M.R.O. Pump & Tank*, 287 AD2d 497, 498 [2001]). A party seeking to set aside such a stipulation will be granted such relief only upon a showing of good cause sufficient to invalidate a contract, such as fraud, overreaching, duress, or mistake (*see McCoy v Feinman*, 99 NY2d 295, 302 [2002]; *Hallock v State of New York*, 64 NY2d at 230; *Macaluso v Macaluso*, 62 AD3d at 963; *Trakansook v Kerry*, 45 AD3d 673 [2007]; *Kelley v Chavez*, 33 AD3d at 591; *Town of Clarkstown v M.R.O. Pump & Tank*, 287 AD2d at 498). Here, contrary to the plaintiff's contention, the Supreme Court properly determined that its submissions failed to demonstrate good cause to set aside the parties' so-ordered stipulation of settlement.

The Supreme Court providently exercised its discretion in denying those branches of the plaintiff's motion which were for

an award of an attorney's fee and for the imposition of sanctions upon the defendants. The plaintiff failed to demonstrate that the defendants' conduct was frivolous within the meaning of Rules of the Chief Administrator of the Courts (22 NYCRR) § 130-1.1 (c). Rivera, J.P., Balkin, Eng and Austin, JJ., concur.