■ In the Matter of JUAN Y. SHENG, Appellant, v STATE OF NEW YORK DIVISION OF HUMAN RIGHTS et al., Respondents. [941 NYS2d 215]—

In a proceeding pursuant to Executive Law § 298 to review a determination of the New York State Division of Human Rights dated March 24, 2009, which dismissed the petitioner's administrative complaint, upon a finding that there was no probable cause, the petitioner appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Nelson, J.), entered January 7, 2011, as, upon reargument, adhered to its determination in an order entered July 19, 2010, denying the petitioner's motion to vacate a stipulation discontinuing the proceeding with prejudice.

Ordered that the order entered January 7, 2011, is affirmed insofar as appealed from, with costs.

Stipulations disposing of proceedings and actions "are favored by the courts and are not to be lightly set aside, especially where, as here, the party seeking to vacate the stipulation was represented by counsel" (*Kelley v Chavez*, 33 AD3d 590, 591 [2006] [citation omitted]; *see Hallock v State of New York*, 64 NY2d 224, 230 [1984]; *Macaluso v Macaluso*, 62 AD3d 963 [2009]; *Trakansook v Kerry*, 45 AD3d 673 [2007]; *Town of Clarkstown v M.R.O. Pump & Tank*, 287 AD2d 497, 498 [2001]). A party seeking to set aside such a stipulation will be granted relief only upon a showing of good cause sufficient to invalidate a contract, such as fraud, overreaching, duress, or mistake (*see McCoy v Feinman*, 99 NY2d 295, 302 [2002]; *Hallock v State of New York*, 64 NY2d at 230; *Macaluso v Macaluso*, 62 AD3d at 963; *Trakansook v Kerry*, 45 AD3d 673 [2007]; *Kelley v Chavez*, 33 AD3d at 591; *Town of Clarkstown v M.R.O. Pump & Tank*, 287 AD2d at 498).

Here, contrary to the petitioner's contentions, the Supreme Court properly determined that the petitioner failed to demonstrate good cause to set aside a stipulation discontinuing the proceeding with prejudice. The failure of the petitioner's attorney to ascertain or understand the legal effect of a discontinuance with prejudice was not a basis upon which to vacate the stipulation (*see Moshe v Town of Ramapo*, 54 AD3d 1030, 1030-1031 [2008]; *Rapp v Briarcliff Contemporaries*, 190 AD2d 785, 786 [1993]). In addition, the petitioner provided no evidence in support of her claim of fraudulent inducement based on opposing counsel's failure to inform the petitioner's counsel of the legal ramifications of a discontinuance with prejudice, as opposing counsel owed no duty to disclose her understanding of those legal ramifications (*see Foot Locker Stores, Inc. v Pyramid Mgt. Group, Inc.*, 45 AD3d 1447, 1448 [2007]; *P.T. Bank Cent. Asia, N.Y. Branch v ABN AMRO Bank N.V.*, 301 AD2d 373, 376 [2003]).

The petitioner's remaining contentions are without merit. Dillon, J.P., Florio, Austin and Roman, JJ., concur.