■ ANTHONY ESPOSITO, Respondent, v MICHAEL PODOLSKY et al., Appellants. [963 NYS2d 664]—

In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Richmond County (Minardo, J.), dated September 19, 2011, as denied their motion pursuant to CPLR 3126 to dismiss the complaint, or, in the alternative, to preclude the plaintiff from testifying at trial or arbitration on the issue of damages and, sua sponte, in effect, increased the cap on damages set in the parties' arbitration agreement from $50,000 to $250,000.

Ordered that on the Court's own motion, the notice of appeal from so much of the order dated September 19, 2011, as, sua sponte, in effect, increased the cap on damages set in the parties' arbitration agreement from $50,000 to $250,000 is deemed an application for leave to appeal from that portion of the order, and leave to appeal from that portion of the order is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is modified, on the law and in the exercise of discretion, by deleting the provision thereof which,

sua sponte, in effect, increased the cap on damages set in the parties' arbitration agreement from $50,000 to $250,000; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The parties were involved in an automobile accident which gave rise to this litigation. On July 7, 2008, the day before the parties were to begin trial, they agreed to submit this matter to arbitration. Thereafter, the plaintiff, through his attorney, and the defendants, through a representative of the defendant Michael Podolsky's insurance company, executed an agreement to submit this matter to National Arbitration and Mediation, Inc. (hereinafter NAM). The agreement provided that both the issue of liability and the issue of damages were to be submitted to an arbitrator, and that the damages award would be subject to high/low parameters of "$50,000/$0." The arbitration was scheduled to be held in June 2009. On the day before the arbitration was to be held, counsel for the plaintiff informed NAM that the plaintiff would not be appearing at the arbitration.

The defendants moved to compel the plaintiff to appear for arbitration. In an order dated February 3, 2010, the Supreme Court granted the defendants' motion and directed the parties "to proceed to arbitration in accordance with the terms of their 'Dispute Resolution Agreement.' "

The plaintiff filed a notice of appeal from the order dated February 3, 2010, and moved to renew and reargue his opposition to the defendants' motion to compel arbitration. In an order dated July 19, 2010, the Supreme Court denied the plaintiff's motion and directed the parties to proceed to arbitration.

By letter dated September 2, 2010, the plaintiff sought an extension of time from this Court to perfect his appeal from the order dated February 3, 2010. In an order dated September 14, 2010, this Court granted the plaintiff's application and extended his time to perfect his appeal until October 4, 2010.

On September 21, 2010, before the plaintiff's time to perfect the appeal had expired, counsel for the parties appeared before the Supreme Court for a conference. At that conference, a stipulation was entered into by counsel pursuant to which the parties would proceed to arbitration solely on the issue of liability "without prejudice to either party with regard to the determination of the parameters of damages." The court so-ordered the stipulation.

By decision and order on motion dated December 1, 2010, this Court dismissed the plaintiff's appeal from the order dated February 3, 2010, due to his failure to perfect that appeal.

On December 14, 2010, the parties appeared before a NAM arbitrator for a hearing solely on the issue of liability. The arbitrator found in favor of the plaintiff.

Subsequent to the arbitration on the issue of liability, the plaintiff moved to restore this action to the trial calendar so that the issue of damages could be tried. The defendants moved pursuant to CPLR 3126 to dismiss the complaint or, in the alternative, to preclude the plaintiff from testifying at trial or arbitration given his failure to comply with the orders dated February 3, 2010, and July 19, 2010. The Supreme Court denied the defendants' motion and granted the plaintiff's motion "to the extent the parties are directed to return to arbitration on the issue of damages [with] a cap on the plaintiff's recovery to the amount of the insurance policy limits ($250,000)." The defendants appeal from so much of the order as denied their motion and, sua sponte, increased the cap on the damages to be awarded at arbitration. We modify.

The Supreme Court properly denied the defendants' motion pursuant to CPLR 3126 to dismiss the complaint, or, in the alternative, to preclude the plaintiff from testifying at trial or arbitration on the issue of damages. The defendants failed to establish that the plaintiff refused to comply with an order directing disclosure (see CPLR 3126).

Further, the defendants' contention that the Supreme Court should have dismissed the complaint pursuant to CPLR 3404 is raised for the first time on appeal. Accordingly, that issue is not properly before this Court (see Marinkovic v IPC Intl. of Ill., 95 AD3d 839 [2012]).

However, in directing the parties to arbitrate the damages phase of this matter, the Supreme Court improvidently exercised its discretion in, sua sponte, increasing the cap on damages from $50,000 to $250,000 (see Matter of Halouvas v Pagan, 6 AD3d 707, 709 [2004]). A so-called "high/low" agreement is considered a conditional settlement (see Cunha v Shapiro, 42 AD3d 95, 98 [2007]). "Stipulations of settlement are favored by the courts and are not to be lightly set aside, especially where . . . the party seeking to vacate the stipulation was represented by counsel" (Kelley v Chavez, 33 AD3d 590, 591 [2006] [citation omitted]; see Hallock v State of New York, 64 NY2d 224, 230 [1984]; Macaluso v Macaluso, 62 AD3d 963 [2009]; Trakansook v Kerry, 45 AD3d 673 [2007]; Town of Clarkstown v M.R.O. Pump & Tank, 287 AD2d 497, 498 [2001]). A party seeking to set aside such a stipulation will be granted such relief only upon a showing of good cause sufficient to invalidate a contract, such as fraud, overreaching, duress, or mistake (see McCoy v Fein-

*man*, 99 NY2d 295, 302 [2002]; *Hallock v State of New York*, 64 NY2d at 230; *Macaluso v Macaluso*, 62 AD3d at 963; *Trakansook v Kerry*, 45 AD3d 673 [2007]; *Kelley v Chavez*, 33 AD3d at 591; *Town of Clarkstown v M.R.O. Pump & Tank*, 287 AD2d at 498).

Here, the parties agreed to arbitrate both the issue of liability and the issue of damages before a NAM arbitrator. They also agreed that the damages portion of the arbitration would be subject to high/low parameters of $50,000/$0. In light of the plaintiff's service of a notice of appeal from the Supreme Court's order directing him to go to arbitration pursuant to the terms of the agreement, the parties stipulated that they would proceed with the liability portion of the arbitration while the appeal, on which the issue of the parameters of the damages might have been considered, was pending. However, the plaintiff failed to perfect that appeal. Thus, the Supreme Court's determination in its February 2010 order that the parameters of $50,000/$0 were binding upon the parties was left undisturbed. Accordingly, the Supreme Court erred in, sua sponte, raising the cap on damages to $250,000 or, in effect, setting aside that portion of the parties' agreement which related to the cap on damages, especially since there was no evidence before the court of fraud, overreaching, duress, or mistake when the parties entered into the agreement. Since the parties set down their agreement to arbitrate pursuant to high/low parameters of $50,000/$0 in a clear, complete document, their writing is to be enforced according to its terms (*see Henrich v Phazar Antenna Corp.*, 33 AD3d 864 [2006]; *see also Greenfield v Philles Records*, 98 NY2d 562, 569 [2002]; *Johnston v MGM Emerald Enters., Inc.*, 69 AD3d 674, 677 [2010]).

Accordingly, the Supreme Court should have directed the parties to proceed to arbitration in accordance with their agreement, just as the Supreme Court did in its earlier order dated February 3, 2010. Angiolillo, J.P., Chambers, Austin and Sgroi, JJ., concur.