HELENE PERNA, Respondent, v REALITY ROOFING, INC., et al., Appellants. [996 NYS2d 692]—

In an action, inter alia, to recover damages for breach of contract, the defendants appeal, as limited by their brief and a letter dated August 4, 2014, from so much of an order of the Supreme Court, Nassau County (Sher, J.), entered January 18, 2013, as denied that branch of their motion which was to impose a sanction upon the plaintiff pursuant to 22 NYCRR 130-1.1.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

"Pursuant to 22 NYCRR 130-1.1, sanctions may be imposed against a party or the party's attorney for frivolous conduct" (*Keyspan Generation, LLC v Nassau County*, 118 AD3d 949, 954 [2014]; *see* 22 NYCRR 130-1.1 [b]). " 'Conduct during litigation, including on an appeal, is frivolous and subject to sanction and/or the award of costs when it is completely without merit in law or fact and cannot be supported by a reasonable argument for the extension, modification, or reversal of existing law; it is undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another; or it asserts material factual statements that are false' " (*Keyspan Generation, LLC v Nassau County*, 118 AD3d at 954, quoting *Mascia v Maresco*, 39 AD3d 504, 505 [2007]; *see* 22 NYCRR 130-1.1). "The decision of whether to award sanctions and the amount or nature of those sanctions is generally entrusted to the trial court's sound discretion" (*Matter of Khan-Soleil v Rashad*, 111 AD3d 727, 728 [2013]). Here, contrary to the defendants' contention, the Supreme Court did not improvidently exercise its discretion in denying that branch of their motion which was to impose a sanction pursuant to 22 NYCRR 130-1.1, including an award of attorney's fees (*see Freight Brokers Global Servs., Inc. v Molfetta*, 90 AD3d 828, 828-829 [2011]; *Kaplon-Belo Assoc., Inc. v D'Angelo*, 79 AD3d 931, 931 [2010]). Rivera, J.P., Skelos, Dickerson and Barros, JJ., concur.