■ SUSAN ROGERS, Appellant, v ANDREW JOSEPH MALIK, Respondent. [5 NYS3d 525]—

In an action, inter alia, to recover damages for an intentional tort, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Golia, J.), dated April 12, 2013, as, upon renewal, adhered to a determination in an order dated June 11, 2012, denying her motion to vacate a stipulation of discontinuance and settlement dated August 20, 1996, and to restore the action to the trial calendar.

Ordered that the order dated April 12, 2013, is affirmed insofar as appealed from, with costs.

Stipulations of settlement between parties are binding contracts enforceable by the court and, as such, they are favored and "not lightly cast aside" (*Hallock v State of New York*, 64 NY2d 224, 230 [1984]; *see Matter of Galasso*, 35 NY2d 319, 321 [1974]), especially where, as here, the party seeking to vacate the stipulation was represented by counsel (*see Matter of Mercer*, 113 AD3d 772 [2014]; *Esposito v Podolsky*, 104 AD3d 903, 905 [2013]; *Kelley v Chavez*, 33 AD3d 590, 591 [2006]; *Town of Clarkstown v M.R.O. Pump & Tank*, 287 AD2d 497, 498 [2001]). Only where there is a legally sufficient cause to invalidate a contractual obligation, such as where it is manifestly unfair to one party because of the other's overreaching or where its terms are unconscionable or constitute fraud, collusion, mistake, or accident, will a party be relieved from the consequences of the bargain struck with the stipulation (*see Matter of Matinzi v Joy*, 60 NY2d 835, 836 [1983]; *Matter of Mercer*, 113 AD3d 772 [2014]; *Esposito v Podolsky*, 104 AD3d at 905; *Barzin v Barzin*, 158 AD2d 769, 770 [1990]). More than mere or conclusory allegations are required, however, since stipulations of settlement serve the interests of efficient dispute resolution, the proper management of court calendars and the integrity of the litigation process (*see Hallock v State of New York*, 64 NY2d at 230).

The Supreme Court did not err when, upon renewal, it adhered to its original determination denying the plaintiff's motion to vacate a stipulation of discontinuance and settlement dated August 20, 1996 (hereinafter the stipulation), and to restore the action to the trial calendar. In support of the plaintiff's contention that the stipulation should be vacated based upon her lack of capacity, the plaintiff submitted certain psychiatric records from the years 1977 through 1997 as new facts. However, these records failed to show that, at the time that the plaintiff executed the stipulation, she was incapable of comprehending the nature of the settlement agreement or was otherwise incapacitated (*see Ortelere v Teachers' Retirement*

*Bd. of City of N.Y.*, 25 NY2d 196, 202-205 [1969]; *Lukaszuk v Lukaszuk*, 304 AD2d 625 [2003]; *see also Blatt v Manhattan Med. Group*, 131 AD2d 48, 53 [1987]). Accordingly, the Supreme Court properly adhered to its original determination denying the plaintiff's motion to vacate the stipulation of discontinuance and settlement and to restore the action to the trial calendar. Balkin, J.P., Hall, Miller and Duffy, JJ., concur.