■ RAYMOND BETHEA, Respondent, v SHEILA THOUSAND, Appellant. [6 NYS3d 584]—

In an action, inter alia, to impose a constructive trust upon real property, the defendant appeals from a judgment of the Supreme Court, Kings County (Silber, J.), dated May 23, 2013, which, upon an order of the same court dated February 7, 2013, granting the plaintiff's motion to enforce a stipulation of settlement, is in favor of the plaintiff and against her, inter alia, determining that the plaintiff is the equitable fee owner of the subject property and directing the sale of the subject property.

Ordered that the judgment is affirmed, with costs.

The plaintiff commenced this action, inter alia, to impose a constructive trust on real property owned by the defendant. On March 24, 2010, the parties settled the action in open court. The stipulation of settlement (hereinafter the stipulation) provided that the parties would cooperate with each other and a real estate broker to sell the property, that the outstanding mortgage would be paid from the gross proceeds of sale, and that the parties would collect, according to agreed-upon percentages, the net proceeds of sale.

Thereafter, the plaintiff moved to enforce the stipulation on the ground that the defendant failed to cooperate in selling the property. In opposition, the defendant contended that the plaintiff waived his right to enforce the stipulation by repeatedly failing to make payments on the mortgage and water bill.

In an order dated February 7, 2013, the Supreme Court granted the plaintiff's motion, and subsequently entered a judgment upon the order. The defendant appeals from the judgment.

"Oral stipulations entered into in open court by counsel on behalf of their clients are binding" (*Caroli v Allstate Ins. Co.*, 100 AD3d 941, 943 [2012]; *see* CPLR 2104; *Racanelli Constr. Co., Inc. v Tadco Constr. Corp.*, 50 AD3d 875 [2008]). "Stipulations of settlement are favored by the courts and not lightly cast aside . . . . Only where there is cause sufficient to invalidate a contract, such as fraud, collusion, mistake or accident, will a party be relieved from the consequences of a stipulation made during litigation" (*Hallock v State of New York*, 64 NY2d 224, 230 [1984] [citations omitted]; *see Caroli v Allstate Ins. Co.*, 100 AD3d at 943).

"A stipulation of settlement is a contract, enforceable according to its terms. When a court enforces a stipulation of settlement, it must effectuate the parties' intent. As with any contract, where the terms of a stipulation of settlement are unambiguous, the Supreme Court must give effect to the parties' intent based upon the plain meaning of the words used by the parties" (*Alshawhati v Zandani*, 82 AD3d 805, 807 [2011] [internal quotation marks and citations omitted]; *see Long Is. Jr. Soccer League v Back of the Net, Ltd.*, 85 AD3d 737, 737-738 [2011]).

Contrary to the defendant's contentions, the stipulation did not contain any provision requiring the plaintiff to make payments on the mortgage or water bill. A court "will not imply a term where the circumstances surrounding the formation of the contract indicate that the parties, when the contract was made, must have foreseen the contingency at issue and the agreement can be enforced according to its terms" (*Reiss v Financial Performance Corp.*, 97 NY2d 195, 199 [2001]; *see Dysal, Inc. v Hub Props. Trust*, 92 AD3d 826, 827 [2012]; *Willsey v Gjuraj*, 65 AD3d 1228, 1230 [2009]; *Henrich v Phazar Antenna Corp.*, 33 AD3d 864, 867 [2006]). Here, the underlying controversy between the parties involved, among other things, the defendant's claim that the plaintiff failed to make mortgage and other payments. When the parties entered into the stipulation, they "must have foreseen the contingency at issue" (*Reiss v Financial Performance Corp.*, 97 NY2d at 199).

The plaintiff's evidence in support of his motion established that the defendant failed to respond to an offer to purchase the property and, therefore, established that the defendant breached the stipulation. The defendant failed to show that the

plaintiff breached the stipulation, and did not proffer sufficient cause to invalidate the agreement, such as fraud, collusion, mistake, or accident. Accordingly, the Supreme Court properly granted the plaintiff's motion to enforce the stipulation. Rivera, J.P., Dickerson, Chambers and Barros, JJ., concur.