■ Florentino Payano et al., Respondents, v Natverlal Patel et al., Defendants, and Dev Construction Corp. et al., Appellants. [12 NYS3d 897]—

In an action to recover damages for continuing trespass and negligence, the defendants Dev Construction Corp. and 105-01 Otis Avenue, LLC, appeal from a judgment of the Supreme Court, Queens County (Schulman, J.), entered July 15, 2013, which, upon an order of the same court (Kelly, J.) dated July 1, 2010, inter alia, in effect, denying the motion of those defendants pursuant to CPLR 3211 (a) (5) to dismiss the complaint insofar as asserted against them as time-barred, and an order of the same court (Anderson, Ct. Atty. Ref.) dated March 27, 2013, inter alia, denying the motion of the defendant Dev Construction Corp., in effect, to vacate a stipulation of settlement and dismiss the complaint for failure to join a necessary party, and granting that branch of the plaintiffs' cross motion which was to enforce the stipulation of settlement, is in favor of the plaintiffs and against them in the total sum of $49,027.80.

Ordered that the judgment is affirmed, with costs.

The Supreme Court properly, in effect, denied the pre-answer motion of the defendants Dev Construction Corp. and 105-01 Otis Avenue, LLC (hereinafter together the appellants), to dismiss the complaint insofar as asserted against them as time-barred (*see* CPLR 3211 [a] [5]). An action to recover damages

for injury to property must be commenced within three years of accrual (*see* CPLR 214 [4]). The cause of action accrues when the damage is apparent (*see Wild v Hayes*, 68 AD3d 1412, 1414 [2009]; *Russell v Dunbar*, 40 AD3d 952, 953 [2007]; *Alamio v Town of Rockland*, 302 AD2d 842, 844 [2003]). The complaint, as supplemented by an affidavit submitted in opposition to the motion, alleged that certain damage to the plaintiffs' property did not become apparent until an inspection by an engineer in July 2007. Since this action was commenced within three years after that inspection, it was not time-barred.

The Supreme Court also properly denied that branch of the motion of Dev Construction Corp. which was, in effect, to vacate a stipulation of settlement entered on the record on July 17, 2012. Stipulations of settlement are judicially favored and may not be lightly cast aside (*see IDT Corp. v Tyco Group, S.A.R.L.*, 13 NY3d 209, 213 [2009]; *Hallock v State of New York*, 64 NY2d 224, 230 [1984]). "[A] stipulation is generally binding on parties that have legal capacity to negotiate, do in fact freely negotiate their agreement and either reduce their stipulation to a properly subscribed writing or enter the stipulation orally on the record in open court" (*McCoy v Feinman*, 99 NY2d 295, 302 [2002]; *see Hallock v State of New York*, 64 NY2d at 230). Here, Dev Construction Corp. failed to meet its burden of establishing the existence of grounds to vacate the stipulation (*see Hallock v State of New York*, 64 NY2d at 230; *Campione v Alberti*, 98 AD3d 706, 707 [2012]; *Cantilli v Cantilli*, 40 AD3d 1023, 1024 [2007]).

The appellants' remaining contentions either are improperly raised for the first time on appeal, are without merit, or need not be addressed in light of our determination. Skelos, J.P., Dillon, Duffy and LaSalle, JJ., concur.