■ In the Matter of MARTIN DAVIS, Also Known as MORTON DAVIDSON, Deceased. ROGER DAVIS, Appellant; TERESA PADILLA, Respondent. [19 NYS3d 753]—In a proceeding for the administration of an estate, Roger Davis appeals, as limited by his brief, from so much of an order of the Surrogate's Court, Nassau County (McCarty III, S.), dated March 31, 2014, as denied that branch of his motion which was to vacate a stipulation of settlement dated September 27, 2011.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

Stipulations of settlement between parties to litigation are

binding contracts and are judicially favored, and courts will not lightly set them aside (see *Hallock v State of New York*, 64 NY2d 224, 230 [1984]; *HSBC Bank USA, N.A. v Wielgus*, 131 AD3d 510, 510 [2015]; *Payano v Patel*, 130 AD3d 896, 897 [2015]; *Bethea v Thousand*, 127 AD3d 798, 799 [2015]; *Balkin v Balkin*, 43 AD3d 967, 968 [2007]). In order to have such a stipulation set aside, a party must make the same showing necessary to invalidate a contract, such as the presence of fraud, collusion, mistake or accident, overreaching, or that its terms are unconscionable (see *McCoy v Feinman*, 99 NY2d 295, 302 [2002]; *Bethea v Thousand*, 127 AD3d at 799; *Rogers v Malik*, 126 AD3d 874, 875 [2015]). This is especially true when the parties have been represented by counsel (see *Rogers v Malik*, 126 AD3d at 875). Here, the appellant, the decedent's son, was represented by counsel when he entered into the stipulation of settlement dated September 27, 2011, with his sister, the temporary administrator of the estate, and he has failed to meet his burden of demonstrating the existence of any valid basis for setting it aside. Accordingly, the Surrogate's Court properly denied that branch of the appellant's motion which was to vacate that stipulation of settlement (see *Hughes v Hughes*, 131 AD3d 1207 [2015]; *Payano v Patel*, 130 AD3d 896, 897 [2015]; *Rogers v Malik*, 126 AD3d at 875). Rivera, J.P., Balkin, Miller and Hinds-Radix, JJ., concur.