Clark, J.
Appeal from an order of the Supreme Court (Rumsey, J.), entered January 19, 2016 in Cortland County, which, among other things, partially granted plaintiffs motion for, among other things, an order directing defendant to pay certain expenses.
In June 2013, plaintiff (hereinafter the wife) and defendant (hereinafter the husband) obtained a judgment of divorce, which directed, among other things, the sale of the marital residence and, after satisfaction of certain payments, distribution of the net proceeds. The judgment of divorce also directed the “equal” division of the parties’ personal property as they could agree and, in the event that an agreement could not be reached, that the parties participate in mediation and, if necessary, binding arbitration. In January 2014, prior to the closing of the sale of the marital residence, the wife moved for, among other relief, an order modifying the judgment of divorce to direct that the parties’ personal property be removed from the marital home and placed in storage pending its distribution and that the parties engage in binding arbitration to resolve all issues regarding ownership and distribution of such personal property. The parties’ personal property was thereafter removed from the marital residence and placed in storage and, in July 2014, upon the husband’s consent, Supreme Court directed the parties to participate in binding arbitration with respect to all issues related to their stored personal property.
In September 2015, the wife moved in Supreme Court for, as relevant here, an order awarding the husband ownership of all of the stored personal property and directing him to pay all costs associated with arbitration and the storage and disposal of that personal property. The wife alleged that the arbitrator had been “successful in working out a settlement regarding the disposition of the contents of the marital residence,” but that, upon visiting the storage units to carry out disposition of the property in accordance with the settlement, she discovered that most of the contents had been damaged or destroyed. The wife asserted that the husband thereafter changed the locks to the storage units and that, because the husband had “exercised the sole and exclusive control and possession” of the units and their contents, there was a “failure of consideration,” such that the settlement was no longer viable. The husband offered no substantive opposition to this aspect of the wife’s motion and, *1307 aside from the wife’s affidavit, there is no evidence in the record regarding the status of the arbitration. Supreme Court, among other things, granted the wife’s request that the husband be awarded ownership of the parties’ stored personal property, including all claims against the storage facility and any claims for insurance proceeds, and directed the husband to pay all expenses associated with arbitration and the storage and disposal of the property. The husband appeals.
On appeal, the husband asserts that a final, written arbitration award or settlement agreement did not exist and, therefore, the matter was not yet ripe for judicial intervention under CPLR article 75. The husband, however, failed to raise this argument in Supreme Court, thereby resulting in a record that is undeveloped as to the precise status of the arbitration proceeding. Accordingly, because the husband’s argument is raised for the first time on appeal, it is not properly before us (see Esposito v Podolsky, 104 AD3d 903, 905 [2013]; Severing v Severing, 97 AD3d 956, 957 [2012]; Dudla v Dudla, 304 AD2d 1009, 1010 [2003]).
Egan Jr., J.P., Lynch, Rose and Mulvey, JJ., concur.
Ordered that the order is affirmed, without costs.