Notaro v Performance Team (2018 NY Slip Op 03691)





Notaro v Performance Team


2018 NY Slip Op 03691


Decided on May 23, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 23, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2015-11781
 (Index No. 9932/10)

[*1]Philip Notaro, Jr., respondent, 
v
Performance Team, et al., appellants, et al., defendant.


Edward F. Westfield, P.C., Riverdale, NY, for appellants.
Michael A. Kofsky, West Islip, NY, for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendants Performance Team, Richard Sapienza, Jr., Richard Sapienza, Sr., and Maria Gonzalez appeal from an order of the Supreme Court, Queens County (Orin R. Kitzes, J.), dated October 7, 2015. The order, insofar as appealed from, denied that branch of those defendants' motion which was pursuant to 22 NYCRR 130-1.1 for an award of costs and counsel fees.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action, inter alia, to recover damages for breach of contract against, among others, the defendants Performance Team, Richard Sapienza, Jr., Richard Sapienza, Sr., and Maria Gonzalez (hereinafter collectively the appellants). In an order dated October 7, 2015, the Supreme Court granted that branch of the appellants' motion which was for summary judgment dismissing the complaint insofar as asserted against them on the ground of res judicata, and denied that branch of the appellants' motion which was pursuant to 22 NYCRR 130-1.1 for an award of costs and counsel fees.
We agree with the Supreme Court's determination to deny that branch of the appellants' motion which was pursuant to 22 NYCRR 130-1.1 for an award of costs and counsel fees. Pursuant to 22 NYCRR 130-1.1, the court "in its discretion, may award to any party or attorney . . . costs in the form of reimbursement for actual expenses reasonably incurred and reasonable attorney's fees, resulting from frivolous conduct" (22 NYCRR 130-1.1[a]). Conduct is frivolous if it is "completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law," or it is "undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another" (22 NYCRR 130-1.1[c][1], [2]). "The decision to award costs or sanctions, and the amount or nature of those costs or sanctions, is generally entrusted to the trial court's sound discretion" (Mosab Constr. Corp. v Prospect Park Yeshiva, Inc., 124 AD3d 732, 734; see Perna v Reality Roofing, Inc., 122 AD3d 821, 822; Matter of Khan-Soleil v Rashad, 111 AD3d 727, 728). Here, the record reveals no basis to disturb the exercise of that discretion.
DILLON, J.P., LEVENTHAL, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court