**RBC Capital Mkts., LLC v Talentnet, Inc.**

2024 NY Slip Op 32362(U)

July 10, 2024

Supreme Court, New York County

Docket Number: Index No.: 652290/2022

Judge: Arlene P. Bluth

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. ARLENE P. BLUTH**      PART      14

*Justice*

----------------------------------------------------------------------------X

RBC CAPITAL MARKETS, LLC

            Plaintiff,

          - v -

TALENTNET, INC.,

            Defendant.

----------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 652290/2022 |
| MOTION DATE | N/A, N/A |
| MOTION SEQ. NO. | 007 008 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 007) 133, 134, 140, 143, 144, 145, 146, 147, 149, 150, 151, 152, 153

were read on this motion to/for      ATTORNEY - FEES      .

The following e-filed documents, listed by NYSCEF document number (Motion 008) 135, 136, 142

were read on this motion to/for      POST JUDGMENT OTHER      .

Motion Sequence Numbers 007 and 008 are consolidated for disposition. Plaintiff's motion (MS007) for legal fees is denied and plaintiff's motion for prejudgment interest (MS008) is granted without opposition.

**Background**

This action arises out of a contract between plaintiff and defendant in which defendant purportedly marketed itself to plaintiff as a "solutions provider for contingent labor issues." Defendant found and placed individuals to work for plaintiff. The contract contained an indemnity provision and plaintiff alleges that defendant has dragged it into a wage and hour lawsuit between defendant and a former employee of defendant. Plaintiff claims that defendant refuses to honor the indemnity provision in the contract and so plaintiff brings this case for indemnification. A former employee of defendant (Qayumi) sued plaintiff (and defendant) in

**652290/2022  RBC CAPITAL MARKETS, LLC vs. TALENTNET, INC.**
**Motion No.  007 008**

Page 1 of 5

[* 1]

California in 2020 for wage and hour violations. Defendant placed this individual at plaintiff as a business analyst.

This Court previously granted plaintiff summary judgment on the theory that the agreement between plaintiff and defendant required defendant to either assume plaintiff's defense in the California trial or to pay for plaintiff's costs related to the lawsuit (NYSCEF Doc. No. 126). The Court severed plaintiff's request for legal fees incurred in this case and directed that plaintiff make a separate motion for such fees. This motion, MS007, followed.

Plaintiff seeks legal fees solely on the ground that defendant's actions in defending this case were frivolous. That is, plaintiff claims that defendant asserted meritless defenses and forced plaintiff to engage in meaningless discovery as part of an effort to drive up plaintiff's costs and delay plaintiff's recovery. Plaintiff complains that defendant held five separate depositions of plaintiff's current and former employees. It focuses on the fact that defendant's opposition to the aforementioned summary judgment motion did not raise good faith arguments and instead misrepresented the language of the indemnity provisions in the parties' agreement.

In opposition[1], defendant contends that plaintiff is not entitled to recover for legal fees incurred in this action. It asserts it did not engage in frivolous litigation tactics and that it simply pursued discovery. Defendant argues that during the course of this action, it was entitled to explore its defense of unclean hands and points to various excerpts from depositions taken in the California case and in this action.

In reply, plaintiff emphasizes that defendant's focus on the alleged excessive hours and expenses billed by the former employee (the one that brought the California case) was not

---

[1] As plaintiff points out, defendant includes a word count certification that "certifies" that the opposition meets the applicable word count limitation under 202.8-b and that the opposition contains 7,159 words. Of course, the word count limitation under 22 NYCRR 202.8-b is *7,000 words*. In any event, the Court will overlook this error.

**652290/2022   RBC CAPITAL MARKETS, LLC vs. TALENTNET, INC.**
**Motion No.  007 008**

**Page 2 of 5**

relevant to the indemnification issue upon which this case was commenced. Plaintiff argues that if this former employee received payments for inflated hours from plaintiff, it would have little relevance to whether defendant had to indemnify plaintiff for a lawsuit filed by this former employee.

**MS007**

"Pursuant to 22 NYCRR 130–1.1, sanctions may be imposed against a party or the party's attorney for frivolous conduct. Conduct during litigation, including on an appeal, is frivolous and subject to sanction and/or the award of costs when it is completely without merit in law or fact and cannot be supported by a reasonable argument for the extension, modification, or reversal of existing law; it is undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another; or it asserts material factual statements that are false. The decision of whether to award sanctions and the amount or nature of those sanctions is generally entrusted to the trial court's sound discretion" (*Perna v Reality Roofing, Inc.*, 122 AD3d 821, 822, 996 NYS2d 692 [2d Dept 2014] [internal quotations and citations omitted]).

The Court denies plaintiff's motion for legal fees based on defendant's allegedly frivolous behavior. Defendant was entitled to assert legal defenses and explore them through the discovery process. Simply because these discovery efforts did not reveal a material issue of fact sufficient to defeat plaintiff's summary judgment motion is not a basis to find that there was sanctionable behavior. It is, of course, easy to argue that, *in hindsight*, requested discovery is irrelevant. But, as any experienced attorney knows, it is impossible to predict what will happen at a deposition. Sometimes they are productive whereas, on other occasions, they don't reveal much at all.

**652290/2022   RBC CAPITAL MARKETS, LLC vs. TALENTNET, INC.**
**Motion No.  007 008**

**Page 3 of 5**

3 of 5

And simply because the Court rejected defendant's reliance upon the "limitation on liability" clause in the agreement as a basis to deny plaintiff's summary judgment motion is not a reason to award sanctions. Neither is the fact that defendant filed a motion to dismiss. A party asserting its rights under the CPLR is not sanctionable behavior.

Moreover, nothing prevented plaintiff from making a dispositive motion during the course of the discovery process. Plaintiff even made its summary judgment motion without first filing a note of issue. Put another way, plaintiff cannot stipulate to the requested discovery, including depositions, from defendant and then claim that this discovery and the depositions are somehow grounds for sanctions. Plaintiff could have made an earlier summary judgment motion if it believed that no discovery was necessary. The Court observed as much in a discovery order dated November 14, 2022 in which it explicitly noted that "no permission is needed in order for a party to file a dipositive motion in this part" (NYSCEF Doc. No. 30). The summary judgment motion was not filed until January 22, 2024.

The Court also observes that the order denying defendant's motion to dismiss was uploaded on September 30, 2022 (NYSCEF Doc. No. 16) and the order granting plaintiff's summary judgment motion was dated May 8, 2024 (NYSCEF Doc. No. 126). Therefore, there is no basis to find that defendant's actions somehow delayed this case for years and years; in fact, the case was resolved relatively quickly once the parties proceeded to discovery.

**MS008**

In this motion, plaintiff seeks prejudgment interest for the fees it incurred in defending the California action. It asserts that the Court did not address its request for prejudgment interest in the decision and observes that it began incurring fees "shortly after the Qayumi Action was

**652290/2022   RBC CAPITAL MARKETS, LLC vs. TALENTNET, INC.**
**Motion No.  007 008**

**Page 4 of 5**

4 of 5

filed in July 2020." It demands "prejudgment interest on its fee award in this action, with interest separately computed from each date RBC paid additional fees in the Qayumi Action."

Defendant filed papers in which it explained that it did not oppose this request.

The Court awarded interest in the previous decision from the date of that order as plaintiff did not provide a date from which this prejudgment interest should run. It is not in this Court's practice to "guess" the date from when interest should begin to accrue. Here, plaintiff now wants fees computed from each date plaintiff paid fees in the Qayumi action. As that request is without opposition, that application is granted.

Accordingly, it is hereby

ORDERED that plaintiff's motion (MS007) for legal fees based on alleged sanctionable behavior by defendant is denied; and it is further

ORDERED that plaintiff's motion (MS008) for prejudgment interest is granted without opposition and the Clerk is directed, upon plaintiff's presentation of proper papers therefor to the Clerk, to enter judgment in favor of plaintiff and against defendant, in the amount of $955,346.04 plus interest at the statutory rate, as requested by plaintiff, to be "separately computed from each date RBC paid additional fees in the Qayumi Action".

| 7/10/2024 | | | |
| --- | --- | --- | --- |
| **DATE** | | | **ARLENE P. BLUTH, J.S.C.** |

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | | |
| --- | --- | --- | --- | --- | --- | --- |
| | | GRANTED | DENIED | GRANTED IN PART | X | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

**652290/2022   RBC CAPITAL MARKETS, LLC vs. TALENTNET, INC.**
**Motion No.  007 008**

**Page 5 of 5**

5 of 5

[* 5]