Guzzetta v Messina (2026 NY Slip Op 00880)

Guzzetta v Messina

2026 NY Slip Op 00880

Decided on February 18, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 18, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LINDA CHRISTOPHER
LILLIAN WAN
JAMES P. MCCORMACK, JJ.

2023-04660
 (Index No. 57126/22)

[*1]Donato Guzzetta, appellant, 
vDonna M. Messina, et al., respondents.

Bailly and McMillan, LLP, White Plains, NY (Richard DePonto of counsel), for appellant.
Cuddy & Feder LLP, White Plains, NY (Joshua E. Kimerling and Kempshall McAndrew of counsel), for respondents.

DECISION & ORDER
In an action to modify a stipulation of discontinuance, the plaintiff appeals from an order of the Supreme Court, Westchester County (Alexandra D. Murphy, J.), dated March 21, 2023. The order, insofar as appealed from, granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action seeking to modify a stipulation of discontinuance entered into by the parties discontinuing with prejudice a prior action the plaintiff had commenced against the defendants, so as to include language reserving certain rights. After joinder of issue, the defendants moved for summary judgment dismissing the complaint. By order dated March 21, 2023, the Supreme Court, inter alia, granted the defendants' motion. The plaintiff appeals.
"Only where there is cause sufficient to invalidate a contract, such as fraud, collusion, mistake or accident, will a party be relieved from the consequences of a stipulation made during litigation" (Mooney v Manhattan Occupational, Physical & Speech Therapies, PLLC, 166 AD3d 957, 960 [internal quotation marks omitted]). "A party seeking reformation of a contract by reason of a mistake must establish, with clear and convincing evidence, that the contract was executed under mutual mistake or a unilateral mistake induced by the other party's fraudulent misrepresentation" (id. [internal quotation marks omitted]).
Here, in opposition to the defendants' prima facie showing of entitlement to judgment as a matter of law dismissing the complaint, the plaintiff failed to demonstrate the existence of any triable issues of fact as to whether the stipulation of discontinuance was executed under mutual mistake or a unilateral mistake induced by the defendants' fraudulent misrepresentation (see id.; Matter of Sheng v State of N.Y. Div. of Human Rights, 93 AD3d 851, 852).
The plaintiff's remaining contention is without merit.
Accordingly, the Supreme Court properly granted the defendants' motion for [*2]summary judgment dismissing the complaint.
IANNACCI, J.P., CHRISTOPHER, WAN and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court