OPINION OF THE COURT
George G. Inglehart, J.
The petitioners are the owners of title and interest in and to certain real property in the Town of Cape Vincent, Jefferson County. By companion motions they seek relief relative to the assessment and taxation of this property.
In the first instance the petitioners ask that the assessment of their property in the Town of Cape Vincent, as it appears on the assessment rolls for 1977-1978, be reviewed and that the assessment be corrected, modified or vacated on the merits. The respondents do not object to this request which the petitioners made in timely and due fashion. The petition for review of this assessment is therefore granted.
Petitioners’ second motion requests summary judgment upon three specific objects of relief. The resolution of this motion relies upon an interpretation of section 306 of the Real Property Tax Law as amended by chapter 888 of the Laws of 1977 effective August 11, 1977. That amendment reads as follows: "§ 306. Standard of Assessment All real property in each assessing unit shall be assessed at the full value thereof; provided, however, any assessing unit which in good faith initiates a physical revaluation of all its real property, or where a county initiates such a physical revaluation on behalf of such assessing unit, on or after its taxable status date of nineteen hundred seventy-six, and is actively carrying out such revaluation, shall not be required to complete and file a final assessment roll in compliance with the standard of assessment of this section through December thirty-first, nineteen hundred eighty.”
This statute results from a Court of Appeals decision stating without qualification that all real property in each assessing unit shall be assessed at the full value thereof. It is held that full value means full market value. (Matter of Hellerstein v Assessor of Town of Islip, 37 NY2d 1.) The court in that case *169 directed the assessor to assess the real property within the town at full value "within a reasonable time” which time the court specifically determined for the assessor.
The petitioners seek an order requiring the Town of Cape Vincent to reassess the entire community within one and one-half years and that this reassessment be effective as of May 1, 1979. May 1, 1979 will be the "taxable status date” as referred to by section 306. Petitioners also ask that they not be required to reinstitute hereafter the same review proceedings and actions for the same relief they now seek by this motion. Finally, the petitioners request that upon completion of the reassessment they receive any refunds due for the years 1977-1978.
The Town of Cape Vincent has not commenced a revaluation of its own accord nor has Jefferson County begun one on its behalf.
The primary question before this court is whether it may order a full value revaluation upon an assessing unit where neither it nor the county on its behalf has initiated such a revaluation or where the unit is not under a Hellerstein order to do so. The answer must be in the affirmative.
The Governor’s approval message of chapter 888 states only that the amendment "provides a statutory time frame for assessing units to implement the directive of the Hellerstein decision to assess real property at full value.” (NY Legis Ann, 1977, p 308.) Informal legislative memoranda and correspondence clearly indicate, however, that the intent of the amendment is more demanding than it appears.
A fair reading of the memoranda and section 306 as amended with an eye to Hellerstein leads to the sole conclusion that local governments are required to initiate and complete revaluations of all real property if they are ordered to do so or initiate the revaluation of its own accord unless its county has begun one for it.
In the case of such revaluations begun in 1976 or after, there is a moratorium on the full implementation of the revaluation upon the unit’s assessment rolls. Thus section 306 as amended imposes at best a limited moratorium on the Hellerstein rule.
This court does not accept the contention that the amendment at issue here constitutes a full moratorium and that no assessing unit need comply with the Hellerstein rule until *170 1981. Such a claim imputes to the Legislature an intent totally inconsistent with legislation enacted simultaneously with chapter 888.
Chapter 887 of the Laws of 1977 effective August 11, 1977 amended section 11.00 of the Local Finance Law by adding subdivision 53-a and the Real Property Tax Law by adding article 15-B. The former relates to computer assisted systems for assessment purposes and tax accounting. The latter establishes standards for a system of real property tax administration with provisions for State assistance.
The financial assistance proffered through article 15-B is an obvious inducement to bring the assessing units within the ambit of section 306. Clearly the Legislature is not oblivious to the fact that revaluation is a costly process. Chapter 887 is designed to ease the inevitable necessity of compliance with the Hellerstein rule.
By letter dated December 16, 1977 the Jefferson County Director of Real Property Tax Services informed the court that the Town of Cape Vincent has not formally requested the county through that department to initiate a full value revaluation on its behalf.
The director also advised this court that should the respondent town board request this service by a proper resolution, his department would be able to provide the revaluation services to the Town of Cape Vincent no earlier than May, 1978. This means that the earliest effective adjustment of the assessment rolls would be May, 1979.
With the matter now before it, this court cannot countenance further delay in respondent’s full value revaluation of all its real property. The court cannot order the respondents to avail themselves of the county’s services and expertise. They are entitled to seek similar services in the open market place. Yet no matter how it is done or by whom, the respondents must commence and complete a revaluation to conform with Hellerstein (37 NY2d 1, supra) and section 306 of the Real Property Tax Law as soon as feasible following the order upon this decision.
The respondents are ordered to present to this court no later than March 1, 1978 either a detailed plan for revaluation including bid specifications for appraisals, subject parcels for appraisal, projected costs and the like, or alternatively, proof that the Town Board of Cape Vincent has formally and properly requested the Jefferson County Department of Real *171 Property Tax Services to undertake a full value revaluation of all its real property on its behalf.
In either case, the assessment rolls of the Town of Cape Vincent must be completely revaluated according to law, within a reasonable time. Subject to further review of this court upon good cause shown, such reasonable time shall be considered to be no later than May 1, 1979.
The petitioners’ second request that they not be required to repeat the legal gymnastics of refiling next year is reasonable and consonant with this decision. A prospective nunc pro tunc decision will satisfy that request and it also is granted.
The petitioners’ third and final request that they be awarded any refunds due and owing for 1977-1978 as a result of revaluation must be denied. The 1977-1978 assessment roll has been settled. It is contrary to public policy and judicial discretion to disturb settled assessment rolls. The courts should not act " 'so as to cause disorder and confusion in public affairs even though there may be a strict legal right’ ”. (Matter of Hellerstein v Assessor of Town of Islip, supra, p 14. See, also, Matter of Andresen v Rice, 277 NY 271.)