■ NEW YORK TELEPHONE COMPANY, Respondent, v NASSAU COUNTY et al., Appellants. (Matter No. 1.) In the Matter of NEW YORK WATER SERVICE CORPORATION, Respondent, v NASSAU COUNTY et al., Appellants. (Matter No. 2.) In the Matter of LONG ISLAND WATER CORPORATION, Respondent, v NASSAU COUNTY et al., Appellants. (Matter No. 3.) [747 NYS2d 512] ■

In April 1997, the New York Telephone Company (hereinafter NYNEX) commenced an action (hereinafter the Action) against Nassau County and various government officials (hereinafter collectively referred to as Nassau County) seeking a judgment, inter alia, declaring that Nassau County's method of assessing real property in non-Countywide special districts during certain tax years violated the Real Property Tax Law and the Equal Protection Clauses of the United States and New York State Constitutions. At the same time, the New York Water Service Corporation and the Long Island Water Corporation (hereinafter collectively referred to as the Water

Companies) commenced separate proceedings pursuant to CPLR article 78 (hereinafter Proceedings Nos. 1 and 2) against the same parties named in the Action, inter alia, to annul the equalization rates and assessed values as determined by Nassau County for their respective special franchise property in the same special districts during the same tax years. In addition to declaratory and injunctive relief, NYNEX and the Water Companies sought refunds of the tax overpayments. In March 1999, when the Supreme Court joined the Action with Proceedings Nos. 1 and 2 for the purposes of discovery and trial, there were several motions for various relief pending before it.

The Supreme Court properly determined that Nassau County's method of assessing real property in non-Countywide special districts during the tax years in question violated the relevant provisions of the Real Property Tax Law. It is undisputed that the classification and apportionment provisions of RPTL article 18 apply to Nassau County, as a special assessing unit, and to the statutorily-defined "portions" within its borders (*see* RPTL 1801 [d]; 1802, 1803 [1]; 1803-a, 1803-b). During the tax years in question, however, those provisions did not apply for the purpose of imposing special ad valorem levies in non-Countywide special districts, which did not fall within the definition of a "portion" (*see* RPTL 102 [14], [16], [20]; 1801 [j]). Although the Legislature subsequently amended RPTL article 18 to include non-Countywide special districts, those amendments did not become effective until August 17, 2001 (*see* L 2001, ch 191).

Where, as here, the language of a statute is clear and unambiguous, there is no need to resort to the rules of statutory construction (*see* McKinney's Consolidated Laws of NY, Book 1, Statutes § 92 [b]). Moreover, a tax statute should not be extended by construction beyond its express terms or the reasonable implications of its language (*see Matter of Grumman Aircraft Eng'g Corp. v Board of Assessors of Town of Riverhead,* 2 NY2d 500, 510, *cert denied* 355 US 814; *Matter of Crystal v City of Syracuse, Dept. of Assessment,* 47 AD2d 29, 30, *affd* 38 NY2d 883; McKinney's Consolidated Laws of NY, Book 1, Statutes § 94). As the Supreme Court properly determined that the challenged assessment method was not authorized by the governing statute, it is not necessary to decide the constitutional questions raised by the parties (*see Matter of Syquia v Board of Educ.,* 80 NY2d 531, 535; *Matter of Beach v Shanley,* 62 NY2d 241, 254; *People v Felix,* 58 NY2d 156, 161; McKinney's Consolidated Laws of NY, Book 1, Statutes § 150).

Although the tax assessments were invalid, NYNEX and the Water Companies are not entitled to retroactive monetary relief. The record reveals that the payment of tax refunds will have a significant financial impact in many non-Countywide special districts, where taxes have been paid, tax liens matured, budgets adopted, and expenditures made, all in reliance on the ad valorem levies. Under these circumstances, the courts should exercise restraint and not act so as to "cause disorder and confusion in public affairs even though there may be a strict legal right" (*Matter of Andresen v Rice,* 277 NY 271, 282; *see also Hellerstein v Assessor of Town of Islip,* 37 NY2d 1, 14; *Foss v City of Rochester,* 65 NY2d 247, 260; *Hurd v City of Buffalo,* 41 AD2d 402, 405, *affd* 34 NY2d 628; *Matter of Bauer v Board of Assessment Review,* 114 Misc 2d 640, 643-644, *affd* 91 AD2d 1097, 1098; *Matter of Teuchtler v Board of Assessors of Town of Cape Vincent,* 94 Misc 2d 167, 171). Accordingly, the Supreme Court improvidently exercised its discretion in authorizing tax refunds and directing a trial to determine their amount. O'Brien, J.P., Friedmann, McGinity and H. Miller, JJ., concur.