[808 NE2d 340, 776 NYS2d 205]

New York Telephone Company, Appellant, v Nassau County et al., Respondents. (Action No. 1.)

In the Matter of New York Water Service Corporation, Appellant, v Nassau County et al., Respondents. (Proceeding No. 1.)

In the Matter of Long Island Water Corporation, Appellant, v Nassau County et al., Respondents. (Proceeding No. 2.)

Argued February 11, 2004; decided March 30, 2004

486

## POINTS OF COUNSEL

*Cullen and Dykman Bleakley Platt LLP,* Brooklyn (*Peter J. Mastaglio, Karen I. Levin, Robert J. Sorge* and *Jo-Ellen P. Holbrook* of counsel), for New York Telephone Company, appellant. I. The record contains no support for the Second Department's order. (*Crawford v Merrill Lynch, Pierce, Fenner & Smith,* 35 NY2d 291; *Garza v VICO Util.,* 150 AD2d 522; *Broida v Bancroft,* 103 AD2d 88; *Matter of Bowery Sav. Bank v Board of Assessors,* 80 NY2d 961.) II. In modifying the Supreme Court's order, the Appellate Division misapplied and disregarded the relevant law. (*Gandolfi v City of Yonkers,* 101 AD2d 188, 62 NY2d 604, 995; *Matter of Andresen v Rice,* 277 NY 271; *Matter of Hellerstein v Assessor of Town of Islip,* 37 NY2d 1; *Foss v City of Rochester,* 65 NY2d 247; *Matter of Bauer v Board of Assessment Review,* 114 Misc 2d 640, 91 AD2d 1097; *Hurd v City of Buffalo,* 41 AD2d 402, 34 NY2d 628; *Lemon v Kurtzman,* 411 US 192; *Waldert v City of Rochester,* 44 NY2d 831, 439 US 922; *Jones v City School Dist. of City of Geneva,* 44 NY2d 831; *Bethlehem Steel Corp. v Board of Educ.,* 44 NY2d 831.) III. In modifying the Supreme Court's order, the Second Department has created new and troubling public policy and case law. (*Grant Co. v Srogi,* 52 NY2d 496; *City of Rochester v Chiarella,* 58 NY2d 316,

*cert denied sub nom. Quality Packaging Supply Corp. v City of Rochester,* 464 US 828; *Mercury Mach. Importing Corp. v City of New York,* 3 NY2d 418, 942; *Long Is. Light. Co. v Office of Supervisor of Town of N. Hempstead,* 233 AD2d 300, 89 NY2d 1029.) IV. In modifying the Supreme Court's order, the Second Department has denied appellant its due process and equal protection rights under the Constitutions of both the United States and the State of New York. (*McKesson Corp. v Division of Alcoholic Beverages & Tobacco,* 496 US 18; *Iowa-Des Moines Natl. Bank v Bennett,* 284 US 239; *Carpenter v Shaw,* 280 US 363; *Montana Natl. Bank of Billings v Yellowstone County, Mont.,* 276 US 499; *Ward v Board of County Commrs. of Love County, Okla.,* 253 US 17; *Atchison, Topeka & Santa Fe Ry. Co. v O'Connor,* 223 US 280; *Central Sav. Bank v City of New York,* 280 NY 9, 306 US 661; *Newsweek, Inc. v Florida Dept. of Revenue,* 522 US 442; *Reich v Collins,* 513 US 106; *City of Cleburne, Tex. v Cleburne Living Ctr.,* 473 US 432.)

*Huber Lawrence & Abell,* New York City (*Theodore F. Duver* of counsel), for New York Water Service Corporation and another, appellants. I. Under New York law, a taxpayer who pays under protest a disputed tax, which is later determined to be illegal, is entitled to a refund of the overpayment. (*Grant Co. v Srogi,* 52 NY2d 496; *City of Rochester v Chiarella,* 58 NY2d 316, *cert denied sub nom. Quality Packaging Supply Corp. v City of Rochester,* 464 US 828; *Mercury Mach. Importing Corp. v City of New York,* 3 NY2d 418; *Adrico Realty Corp. v City of New York,* 250 NY 29; *City of Rochester v Chiarella,* 100 AD2d 46, 65 NY2d 92; *Gandolfi v City of Yonkers,* 101 AD2d 188, 62 NY2d 604, 882, 995.) II. The record does not support the Second Department's conclusion that refunds would cause a "significant financial impact." (*Matter of Long Is. Light. Co. v Assessor for Town of Brookhaven,* 202 AD2d 32, 85 NY2d 809.) III. The Second Department's attempt to apply case law which is factually inapposite is erroneous. (*Matter of Andresen v Rice,* 277 NY 271; *Matter of Hellerstein v Assessor of Town of Islip,* 37 NY2d 1; *Foss v City of Rochester,* 65 NY2d 247; *Matter of Bauer v Board of Assessment Review,* 114 Misc 2d 640, 91 AD2d 1097; *Matter of Teuchtler v Board of Assessors of Town of Cape Vincent,* 94 Misc 2d 167; *Hurd v City of Buffalo,* 41 AD2d 402, 34 NY2d 628; *Lemon v Kurtzman,* 411 US 192.)

*Lorna B. Goodman, County Attorney,* Mineola (*Elizabeth D. Botwin* of counsel), for respondents. I. Article 18 of the Real Property Tax Law applies to the Nassau County assessment roll

for all purposes. (*Majewski v Broadalbin-Perth Cent. School Dist.,* 91 NY2d 577; *Matter of Fappiano v New York City Police Dept.,* 95 NY2d 738; *Matter of Raritan Dev. Corp. v Silva,* 91 NY2d 98; *Bluebird Partners v First Fid. Bank,* 97 NY2d 456; *Tran v New Rochelle Hosp. Med. Ctr.,* 99 NY2d 383; *Matter of Colt Indus. v Finance Adm'r of City of N.Y.,* 54 NY2d 533; *Tilles Inv. Co. v Gulotta,* 288 AD2d 303, 98 NY2d 605; *Matter of Chasalow v Board of Assessors of County of Nassau,* 202 AD2d 499, 83 NY2d 759; *Matter of Hellerstein v Assessor of Town of Islip,* 37 NY2d 1; *Matter of Aaron J.,* 80 NY2d 402.) II. The class system of article 18 of the Real Property Tax Law is constitutional. (*Matter of Consolidated Edison Co. of N.Y. v State Bd. of Equalization & Assessment,* 67 NY2d 783; *Foss v City of Rochester,* 65 NY2d 247; *Matter of Colt Indus. v Finance Adm'r of City of N.Y.,* 54 NY2d 533; *Tilles Inv. Co. v Gulotta,* 288 AD2d 303, 98 NY2d 605; *Trump v Chu,* 65 NY2d 20; *Port Jefferson Health Care Facility v Wing,* 94 NY2d 284; *Town of Tonawanda v Alyer,* 68 NY2d 836; *Matter of Walker v Board of Assessors,* 66 NY2d 702; *Matter of Slewett & Farber v Board of Assessors of County of Nassau,* 54 NY2d 547.) III. The Appellate Division properly exercised its discretion to award prospective relief. (*Foss v City of Rochester,* 65 NY2d 247; *Matter of Hellerstein v Assessor of Town of Islip,* 37 NY2d 1; *Matter of Andresen v Rice,* 277 NY 271; *Matter of Bowery Sav. Bank v Board of Assessors,* 80 NY2d 961; *Long Is. Light. Co. v Assessor of Town of Brookhaven,* 154 AD2d 188.) IV. The water companies' appeal is untimely. (*Ressis v Herman,* 69 NY2d 1017; *Monaghan v Yang,* 69 NY2d 945.)

### OPINION OF THE COURT

G.B. SMITH, J.

The primary issue here is whether the Appellate Division abused its discretion when it held that, owing to the County's financial situation, certain utilities were not entitled to county tax refunds, even though the Court found that they had been improperly assessed a tax. We reverse the order of the Appellate Division and remit for a hearing both on the amount of refund due and on any financial hardship the County would suffer as a result of requiring payment to the utilities.

Under article 18 of the Real Property Tax Law, Nassau County is a "special assessing unit" for real property taxation. The County's real property is divided into four classes: classes one and two include all residential property, class three includes utility property and class four includes commercial property.

Plaintiff New York Telephone Company (NYNEX)[1] owns class three and class four property in Nassau County, which is subject to county, town, village, school district and countywide special district taxes. Some of this property is also located in countywide and noncountywide "special districts."[2] As part of the 1997 tax assessment process, the County imposed special ad valorem levies on noncountywide special districts—including property owned by NYNEX. The County assessed the real property in the noncountywide special districts using the same method as countywide assessments under RPTL article 18.

In April 1997, NYNEX commenced an action seeking a declaration that this method of assessing real property in noncountywide special districts violated the RPTL, enjoining the County from assessing noncountywide property in this manner and demanding a tax overpayment refund. After joinder of issue, NYNEX moved for summary judgment on the issue of liability, and the County cross-moved for summary judgment dismissing the complaint. NYNEX commenced a second action seeking similar relief for the 1998 tax year.

Petitioners New York Water Service Corporation and Long Island Water Corporation (collectively, the Water Companies) owned class three special franchise property in Nassau County in countywide and noncountywide special districts.[3] As in the NYNEX action, the County imposed special ad valorem levies on those properties in the noncountywide special districts. In April 1997, the Water Companies each initiated a CPLR article 78 proceeding to recover tax overpayments due to the County's alleged unauthorized assessment method. Thereafter, the Water Companies and the County stipulated that the proceedings would also cover the 1998-2000 tax years.

Supreme Court granted the County's motion to consolidate the various suits, and (1) granted the relief requested by the

---

**1.** New York Telephone Company is now known as Verizon New York, Inc., a wholly owned subsidiary of NYNEX Corp., which is a wholly owned subsidiary of Verizon Communication. "County" as used herein includes the various defendant entities related to Nassau County.

**2.** A special district is a "county improvement district . . . established for the purpose of carrying on, performing or financing one or more improvements or services intended to benefit the health, welfare, safety or convenience of the inhabitants of such district or to benefit the real property within such district, and in which real property is subject to special ad valorem levies or special assessments for the purposes for which such district was established" (RPTL 102 [16]).

**3.** Special franchise property is property owned by utilities located in easements in public streets.

plaintiffs and petitioners (collectively the utilities), (2) enjoined the County from assessing real property in noncountywide special districts pursuant to RPTL article 18 and (3) referred the issue of damages to trial. Upon reargument, the court adhered to its decision.

The Appellate Division modified the order of the Supreme Court to the extent of precluding payment of the refunds, and, as modified, affirmed, stating:

> "Although the tax assessments were invalid, NYNEX and the Water Companies are not entitled to retroactive monetary relief. The record reveals that the payment of tax refunds will have a significant financial impact in many non-Countywide special districts, where taxes have been paid, tax liens matured, budgets adopted, and expenditures made, all in reliance on the ad valorem levies. Under these circumstances, the courts should exercise restraint and not act so as to 'cause disorder and confusion in public affairs even though there may be a strict legal right.' Accordingly, the Supreme Court improvidently exercised its discretion in authorizing tax refunds and directing a trial to determine their amount."[4] (297 AD2d 663, 666 [2002] [citations omitted].)

The Appellate Division denied the utilities' motions to reargue or for leave to appeal. This Court granted the utilities' motions for leave to appeal, and we now reverse. We do not reach the propriety of the tax assessment. The County did not appeal that portion of the Appellate Division order.

## DISCUSSION

The sole question before us is whether the Appellate Division erred in denying tax refunds to the utilities because of the financial impact such refunds would have on the County when the amount of the refunds had not been established, nor proof

---

4. As the Appellate Division noted, the Legislature subsequently amended RPTL article 18 to include noncountywide special districts in "adjusted base proportion" calculations, thereby allowing prospective application of article 18 to noncountywide special districts in a manner similar to the methodology previously employed for other classifications (see L 2001, ch 191).

submitted demonstrating the impact the refunds would have on the County.[5]

In some circumstances, notwithstanding that a party prevailed on the merits, this Court has refused to grant the relief requested based on the effect it would have on the municipality. For example, in *Foss v City of Rochester* (65 NY2d 247, 260 [1985]), plaintiff challenged the constitutionality of section 305 and article 19 of the Real Property Tax Law as well as Local Law No. 6 (1983) of the City of Rochester on the ground that they deprived him of due process and of the equal protection of the law. Although the Court determined that article 19 and Rochester Local Law No. 6 violated the Equal Protection Clauses of the Federal and State Constitutions, it refused to require a retroactive refund because of the practical reality that the government had "relied upon the revenues derived from implementing [RPTL article 19] and would suffer an undue burden if it had to refund the taxes collected" (65 NY2d at 260).

Retroactive relief, similarly, was denied in *Matter of Hellerstein v Assessor of Town of Islip* (37 NY2d 1 [1975]), where the Town's assessment rolls were held invalid, because the result could bring financial chaos to the Town. In *Matter of Andresen v Rice* (277 NY 271, 282 [1938]), this Court invalidated a statute that provided for the appointment of State Police officers without a competitive examination but declined to grant the relief requested because it would "cause disorder and confusion in public affairs."

Here, Supreme Court declined to hear evidence of hardship. Thus, the amount of refund to which the utilities are entitled— including any financial impact on the County of requiring payment—must be determined at a hearing, upon submission of proof.

Accordingly, the order of the Appellate Division, insofar as appealed from, should be reversed, with costs, and the cases remitted to Supreme Court for further proceedings in accordance with this opinion.

---

5. NYNEX estimates its refund to be approximately 10 million dollars, less than one half of one percent of the taxes the County collected for that year. The Water Companies estimate that their refund would be approximately one million dollars each.

Chief Judge KAYE and Judges CIPARICK, ROSENBLATT, GRAFFEO, READ and R.S. SMITH concur.

Order, insofar as appealed from, reversed, etc.