■ KEYSPAN GENERATION, LLC, et al., Respondents, v NASSAU COUNTY et al., Appellants. (Action No. 1.) LONG ISLAND LIGHTING COMPANY, Respondent, v BOARD OF ASSESSORS et al., Appellants. (Action No. 2.) [991 NYS2d 46]—

Motion by the respondents, inter alia, for leave to reargue appeals from two orders of the Supreme Court, Nassau County, entered October 24, 2011, and June 7, 2012, respectively, which were determined by a decision and order of this Court dated March 19, 2014. Separate motion by the appellants for leave to reargue the appeals or for leave to appeal to the Court of Appeals from the decision and order of this Court dated March 19, 2014.

Upon the papers filed in support of the motions and the papers filed in opposition thereto, it is,

Ordered that the branch of the respondents' motion which is for leave to reargue is granted, and the motion is otherwise denied; and it is further,

Ordered that the appellants' motion is denied; and it is further,

Ordered that, upon reargument, the decision and order of this Court dated March 19, 2014 (*Keyspan Generation, LLC v Nassau County*, 115 AD3d 812 [2014]), is recalled and vacated, and the following decision and order is substituted therefor:

In two related actions, inter alia, for judgments declaring that the defendants' application of Real Property Tax Law article 18 in imposing special ad valorem levies upon real property situated within noncountywide special districts located in Nassau County during certain tax years is illegal and void, the defendants appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Woodard, J.), entered October 24, 2011, as denied their motion pursuant to CPLR 3211 (a) to dismiss the complaint in action No. 1, and granted those branches of the plaintiffs' cross motion in action No. 2

which were for summary judgment declaring that the defendants' application of Real Property Tax Law article 18 in imposing special ad valorem levies upon real property situated within noncountywide special districts located in Nassau County during tax years 1998 to 2001 is illegal and void and that the defendants are liable for refunds, if any, due to the plaintiffs, and to impose sanctions against the defendants, and directed a hearing on the amount of any such refunds and sanctions, and (2) from an order of the same court entered June 7, 2012, which, in effect, granted those branches of the plaintiffs' cross motion in action No. 1 which were for summary judgment declaring that the defendants' application of Real Property Tax Law article 18 in imposing the taxes at issue in that action is illegal and void and that the defendants are liable for any refunds due to the plaintiffs.

Ordered that on the Court's own motion, the notice of appeal from so much of the order entered October 24, 2011, as directed a hearing on the amount of any refunds and sanctions that might be due to the plaintiffs is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701 [c]); and it is further,

Ordered that the order entered October 24, 2011, is modified, on the facts and in the exercise of discretion, (1) by deleting the provision thereof granting that branch of the plaintiffs' cross motion in action No. 2 which was to impose sanctions against the defendants, and substituting therefor a provision denying that branch of the cross motion, and (2) by deleting the provision thereof directing a hearing on the amount of sanctions that might be due to the plaintiffs; as so modified, the order entered October 24, 2011, is affirmed insofar as appealed from; and it is further,

Ordered that the order entered June 7, 2012, is affirmed; and it is further,

Ordered that the matter is remitted to the Supreme Court, Nassau County, for further proceedings, including the entry of judgments, inter alia, declaring that the defendants' application of Real Property Tax Law article 18 in imposing special ad valorem levies upon real property situated within noncountywide special districts located in Nassau County during the subject tax years is illegal and void; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

These appeals concern certain real property situated in Nassau County and owned by the plaintiffs or their successors in interest. In 1997, Long Island Lighting Company (hereinafter LILCO) commenced an action challenging the legality of the ap-

plication of Real Property Tax Law article 18 with respect to the imposition of special ad valorem levies upon real property situated within all noncountywide special districts during certain tax years (hereinafter action No. 2). In action No. 2, LILCO asserted that the defendants' assessment of LILCO's real property located within noncountywide special districts at different uniform percentages of value for each property classification, and the defendants' imposition of noncountywide special district taxes on the basis of such assessments, is illegal and void pursuant to Real Property Tax Law article 18. In 1999, KeySpan Generation, LLC, KeySpan Corporate Services, LLC, and KeySpan Gas East Corporation, doing business as Brooklyn Union of Long Island (hereinafter collectively the KeySpan plaintiffs), commenced an action seeking similar relief (hereinafter action No. 1). The KeySpan plaintiffs later acquired portions of LILCO's property and operations (see Matter of Town of Islip v Long Is. Power Auth., 301 AD2d 1, 4-6 [2002]) and, with it, the right to prosecute action No. 2. The two actions were both asserted against the County of Nassau and various ancillary bodies of the County (hereinafter collectively the County defendants), and the actions were joined for trial. In the complaints, both LILCO and the KeySpan plaintiffs (hereinafter collectively the plaintiffs) sought declarations that the County defendants' application of RPTL article 18 in imposing special ad valorem levies upon real property situated within noncountywide special districts located in Nassau County during certain tax years is illegal and void and that, pursuant to former Nassau County Administrative Code (hereinafter NCAC) § 6-26.0 (b) (3) (c), which is popularly known as "the County Guaranty," they were entitled to refunds of the taxes they paid in connection with the levies on their property. The County Guaranty provided that "[n]otwithstanding any provisions of this chapter, or any other general or special law to the contrary, any deficiency existing or hereafter arising from a decrease in an assessment or tax under subdivisions one, four and seven of section 6-24.0, or sections 6-12.0 or 5-72.0 of the code or by reason of exemption or reductions of assessments shall be a county charge" (former NCAC § 6-26.0 [b] [3] [c]).

Meanwhile, in 1997, nonparties New York Telephone Company, New York Water Service Corporation, and Long Island Water Corporation commenced separate proceedings against the County of Nassau, alleging that the County's method of assessing real property situated within noncountywide special districts during certain tax years violated RPTL article 18. In 2002, this Court, in connection with those proceedings, among other things, affirmed so much of an order of the Supreme Court,

Nassau County, as "determined that Nassau County's method of assessing real property in non-Countywide special districts during the tax years in question violated the relevant provisions of the Real Property Tax Law" (*New York Tel. Co. v Nassau County*, 297 AD2d 663, 665 [2002], *revd on other grounds* 1 NY3d 485 [2004]).

In 2009, the County defendants moved pursuant to CPLR 3211 (a) (7) to dismiss the complaint in action No. 1. The County defendants argued that refunds of special ad valorem taxes did not fall within the scope of the County Guaranty. The County defendants further contended that, even if the County Guaranty did apply, pursuant to *Matter of Hellerstein v Assessor of Town of Islip* (37 NY2d 1 [1975]) and its progeny, the Supreme Court should decline to award the plaintiffs the refunds they sought on the ground that to do so would result in "fiscal chaos" due to the County defendants' dire financial distress. The plaintiffs cross-moved for summary judgment in both actions declaring that the County defendants' application of RPTL article 18 in imposing special ad valorem levies on real property situated within all noncountywide special districts in Nassau County during tax years 1998 through 2001 was illegal and void, and awarding them refunds as well as sanctions on the ground that the County defendants' arguments in support of their motion were frivolous.

In an order entered October 24, 2011, the Supreme Court, inter alia, denied the County defendants' motion to dismiss the complaint in action No. 1, and granted those branches of the plaintiffs' cross motion which were for summary judgment in action No. 2 declaring that the application of RPTL article 18 to the subject real property is illegal and void and that the County defendants were liable for any refunds, and for an award of sanctions. In that order, the Supreme Court relied, in part, upon this Court's decision and order in *New York Tel. Co. v Nassau County* (297 AD2d 663 [2002]). In an order entered June 7, 2012, the Supreme Court, in effect, granted those branches of the plaintiffs' cross motion which were for summary judgment in action No. 1 declaring that the application of RPTL article 18 to the subject real property is illegal and void and that the County defendants were liable for any refunds.

Although the County defendants contend that the language of the County Guaranty does not encompass refunds of special ad valorem taxes, in *New York Tel. Co. v Supervisor of Town of N. Hempstead* (77 AD3d 121 [2010]), this Court stated that the question before us was "whether Nassau County Administrative Code § 6-26.0 (b) (3) (c) (L 1939, chs 272, 701-709, as

amended), known as the 'County Guaranty,' requires the County of Nassau . . . rather than the Town of North Hempstead and several special districts located in the Town, to refund certain special ad valorem levies judicially determined to be invalidly imposed upon the plaintiff's real property" (*id*. at 122). In that case, we stated, without qualification, that "[w]e conclude that the 'County Guaranty' applies to the judicially directed refunds of the subject levies" (*id*. at 123).

The County defendants argue that even if the County Guaranty applies to the refunds sought by the plaintiffs, "fiscal chaos" would result if the County defendants were held liable for refunds in this and similar actions and, thus, the plaintiffs should be afforded only prospective relief, not retroactive refunds. We disagree.

In *Matter of Hellerstein v Assessor of Town of Islip* (37 NY2d at 3), a taxpayer commenced an action challenging the method by which property in the Town of Islip was assessed, contending that it violated RPTL 306. The Court of Appeals agreed that the method of taxation, although widespread and of longstanding practice, was contrary to statute (*see id*. at 9-10). However, in part because the plaintiff sought only prospective relief, the Court did not order retroactive refunds of property taxes (*see id*. at 13-14). In so doing, the Court stated that "the courts should not act 'so as to cause disorder and confusion in public affairs even though there may be a strict legal right' " (*id*. at 13-14, quoting *Matter of Andresen v Rice*, 277 NY 271, 282 [1938]). The Court explained that "it is incumbent on the courts, where their discretion is involved, to exercise the same degree of restraint whenever a settled assessment roll or property rights based thereon are challenged for illegality" (*Matter of Hellerstein v Assessor of Town of Islip*, 37 NY2d at 14; *see Foss v City of Rochester*, 65 NY2d 247, 260 [1985] [invalidating a local law and its application of RPTL article 18, but declining to apply the invalidation retroactively since the defendant city had relied upon revenues collected under those provisions]).

Contrary to the County defendants' argument, *Matter of Hellerstein* and *Foss* do not stand for the proposition that whenever the award of damages or refunds against a municipality will result in financial hardship, a court may decline to award the relief to which the plaintiff is otherwise entitled. Instead, these cases stand for the more limited proposition that, where a municipality has reasonably relied upon a widespread and longstanding practice (as in *Matter of Hellerstein*) or a statute is later invalidated (as in *Foss*), and where applying the invalidation retroactively would call into question "a settled assessment

roll or property rights based thereon," a court may exercise its discretion by giving its holding only prospective application (*Matter of Hellerstein v Assessor of Town of Islip*, 37 NY2d at 14; *see Gandolfi v City of Yonkers*, 101 AD2d 188, 197-198 [1984], *affd* 62 NY2d 995 [1984]; *Hurd v City of Buffalo*, 41 AD2d 402, 406 [1973], *affd* 34 NY2d 628 [1974]). Here, the County defendants' submissions have not demonstrated that awarding the plaintiffs the refunds they seek would call into question settled assessment rolls or property rights based thereon.

For the foregoing reasons, the Supreme Court properly denied the County defendants' motion to dismiss the complaint in action No. 1 for failure to state a cause of action (*see* CPLR 3211 [a] [7]). Moreover, in opposition to the plaintiffs' prima facie showing of entitlement to judgment as a matter of law in connection with both actions, the County defendants failed to raise a triable issue of fact (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Accordingly, the Supreme Court properly granted those branches of the plaintiffs' cross motion which were for summary judgment for the declaratory relief requested and for an award of refunds in both actions.

Pursuant to 22 NYCRR 130-1.1, sanctions may be imposed against a party or the party's attorney for frivolous conduct (*see* 22 NYCRR 130-1.1 [b]). "Conduct during litigation, including on an appeal, is frivolous and subject to sanction and/or the award of costs when it is completely without merit in law or fact and cannot be supported by a reasonable argument for the extension, modification, or reversal of existing law; it is undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another; or it asserts material factual statements that are false" (*Mascia v Maresco*, 39 AD3d 504, 505 [2007]; *see* 22 NYCRR 130-1.1). Under the facts of this case, the County defendants' conduct in action No. 2 was not frivolous. Accordingly, the Supreme Court improvidently exercised its discretion in granting that branch of the plaintiffs' cross motion in action No. 2 which was to impose sanctions against the County defendants (*see Muro-Light v Farley*, 95 AD3d 846, 848 [2012]).

Since these are, in part, declaratory judgment actions, the matters must be remitted to the Supreme Court, Nassau County, for the entry of judgments, inter alia, declaring that the County defendants' application of Real Property Tax Law article 18 in imposing special ad valorem levies upon real property situated within noncountywide special districts located in Nassau County during the subject tax years is illegal and void (*see Lanza v*

*Wagner*, 11 NY2d 317, 334 [1962]). Mastro, J.P., Dillon, Leventhal and Duffy, JJ., concur. ▉▉▉▉▉▉▉▉