NEW YORK WATER SERVICE CORPORATION, Plaintiff, v SUPERVISOR OF TOWN OF OYSTER BAY et al., Defendants, SYOSSET SANITATION DISTRICT, Defendant/Third-Party Plaintiff-Appellant, and GLENWOOD-GLEN HEAD GARBAGE DISTRICT, Defendant/Second Third-Party Plaintiff-Appellant. COUNTY OF NASSAU et al., Third-Party Defendants/Second Third-Party Defendants-Respondents. [4 NYS3d 123]—

In an action, inter alia, for a judgment declaring that the imposition of special ad valorem levies for garbage and refuse collection services against certain "mass" properties owned by the plaintiff is illegal and void, the third-party plaintiff and the second third-party plaintiff appeal from an order of the Supreme Court, Nassau County (Galasso, J.), entered December 4, 2012, which granted the motion of the third-party defendants/second third-party defendants pursuant to CPLR 3211 (a) (7) to dismiss the third-party complaint and the second third-party complaint.

Ordered that the order is reversed, on the law, with costs, and the motion of the third-party defendants/second third-party defendants pursuant to CPLR 3211 (a) (7) to dismiss the third-party complaint and the second third-party complaint is denied.

New York Water Service Corporation (hereinafter New York Water), commenced the underlying action against the Town of Oyster Bay, the Town Supervisor, various ancillary Town bodies, and various sanitation and garbage districts, seeking refunds of special ad valorem levies illegally imposed upon its property (*see generally New York Tel. Co. v Supervisor of Town of Oyster Bay*, 4 NY3d 387, 392-395 [2005]). The defendants Syosset Sanitation District and the Glenwood-Glen Head Garbage District (hereinafter together the special districts) each commenced a third-party action against the County of Nassau and the Nassau County Board of Assessors (hereinafter together the County entities). In the two third-party actions, the special districts asserted that they are entitled under former Nassau County Administrative Code § 6-26.0 (b) (3) (c) (commonly known as the County Guaranty), to indemnification by the County entities for any sums that they are liable to pay to New York Water for refunds with respect to the challenged special ad valorem levies. The County entities moved pursuant to CPLR 3211 (a) (7) to dismiss the third-party complaints. The Supreme Court granted the motion, and the special districts appeal.

We have previously held that, "[p]ursuant to the County Guaranty, the County is liable for refunds of tax payments made in connection with levies for special ad valorem taxes" (*New York Tel. Co. v Supervisor of Town of Hempstead*, 115 AD3d 821, 824 [2014]; *see Keyspan Generation, LLC v Nassau County*, 118 AD3d 949, 952-953 [2014]; *Keyspan Gas E. Corp. v Supervisor of Town of Oyster Bay*, 115 AD3d 809, 810 [2014]; *New York Tel. Co. v Supervisor of Town of N. Hempstead*, 77 AD3d 121, 122, 131-132 [2010]). We have also held that "special ad valorem levies are not 'assessments for benefit' within the meaning of former [Nassau County Administrative Code] § 6-26.0 (b) (3) (a)-(b) and, thus, they cannot be charged back to the special districts in the following tax year" (*Keyspan Gas E. Corp. v Supervisor of Town of Oyster Bay*, 115 AD3d at 810). Inasmuch as the County entities must indemnify the special districts for any refunds paid by the special districts to New York Water, the third-party complaint and the second third-party complaint both state a cause of action against the County entities. Accordingly, the Supreme Court should have denied the County entities' motion pursuant to CPLR 3211 (a) (7) to dismiss the third-party complaint and the second third-party complaint.

In light of the foregoing, we need not reach the special districts' remaining contention. Rivera, J.P., Balkin, Hall and Sgroi, JJ., concur.