National Grid Generation, LLC v Nassau County (2025 NY Slip Op 04795)

National Grid Generation, LLC v Nassau County

2025 NY Slip Op 04795

Decided on August 27, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 27, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
HELEN VOUTSINAS
PHILLIP HOM, JJ.

2022-09588
 (Index No. 601451/18)

[*1]National Grid Generation, LLC, et al., appellants,
v
Nassau County, et al., respondents, et al., defendants.

Cullen and Dykman LLP, Garden City, NY (Ariel E. Ronneburger and Karen I. Levin of counsel), for appellants.
Vincelette, Almy & Casertino, Latham, NY (Daniel G. Vincelette of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, for declaratory and injunctive relief, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Robert A. McDonald, J.), entered October 14, 2022. The order, insofar as appealed from, denied the plaintiffs' motion for summary judgment on the complaint insofar as asserted against the defendants Nassau County, Nassau County Department of Assessment, James Davis, Acting Assessor of Nassau County, and Nassau County Legislature and declaring, among other things, that those defendants' tax calculation for the 2016/2017 tax year failed to accurately reflect the demolition of the Glenwood Power Plant, and granted those defendants' motion for summary judgment dismissing the complaint insofar as asserted against them and for declarations in their favor.
ORDERED that the order is modified, on the law, (1) by deleting the provisions thereof granting those branches of the motion of the defendants Nassau County, Nassau County Department of Assessment, James Davis, Acting Assessor of Nassau County, and Nassau County Legislature which were for summary judgment dismissing the first, third, fourth, and fifth causes of action insofar as asserted against them and for declarations in their favor with respect to the first cause of action, and substituting therefor a provision denying those branches of the motion, and (2) by deleting the provision thereof denying that branch of the plaintiffs' motion which was for summary judgment declaring that the tax calculation of the defendants Nassau County, Nassau County Department of Assessment, James Davis, Acting Assessor of Nassau County, and Nassau County Legislature for the 2016/2017 tax year failed to accurately reflect the demolition of the Glenwood Power Plant, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiffs, and the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment, inter alia, making appropriate declarations in accordance herewith.
The plaintiff National Grid Generation, LLC (hereinafter National Grid), owned the Glenwood Power Plant (hereinafter the power plant), an electric generating facility located in the Town of North Hempstead. The power plant began operation in approximately 1900. However, the [*2]power plant stopped producing electricity when it was decommissioned on June 30, 2012.
At relevant times, National Grid owned and paid property taxes on certain real property located in Nassau County designated as class three, which was used to generate electricity for its customers. Similarly, the plaintiff Key Span Gas East Corporation, which provides natural gas sales and distribution services, owned and paid property taxes on certain real property located in Nassau County designated as class three, which was used to sell and transport natural gas to its customers.
In January 2018, the plaintiffs commenced this action, inter alia, for declaratory and injunctive relief against, among others, the defendants Nassau County, Nassau County Department of Assessment, James Davis, Acting Assessor of Nassau County, and Nassau County Legislature (hereinafter collectively the County defendants). The plaintiffs alleged that upon the decommissioning and demolition of the Glenwood Power Plant during the period of 2012 to 2015, the County defendants miscalculated the adjusted base proportion (hereinafter ABP) for certain class three properties (see generally RPTL 1803-a), and, as a result, the plaintiffs paid inflated property taxes for the 2014/2015 tax year and subsequent tax years.
The plaintiffs moved for summary judgment on the complaint insofar as asserted against the County defendants and declaring, among other things, that the County defendants' tax calculation for the 2016/2017 tax year failed to accurately reflect the demolition of the power plant. The County defendants opposed the motion and moved for summary judgment dismissing the complaint insofar as asserted against them and for declarations in their favor. In an order entered October 14, 2022, the Supreme Court, inter alia, granted the County defendants' motion and denied the plaintiffs' motion. The plaintiffs appeal.
Nassau County is a "[s]pecial assessing unit" pursuant to article 18 of the Real Property Tax Law (RPTL 1801[a]; see New York Tel. Co. v Nassau County, 1 NY3d 485, 488). RPTL article 18 establishes four classes of real property in a special assessing unit (see id. § 1802[1]). Class one includes one-, two-, and three-family residential property; class two includes all other residential property; class three includes utility real property; and class four includes all other real property (see id.; Tax Equity Now NY LLC v City of New York, 42 NY3d 1, 7-8). The formula for determining the proportion of all real property taxes owed by each class is expressed in RPTL 1803-a, which also includes caps on the annual amount that the class share for each class may increase relative to the total property tax burden of the County (see id.; Tax Equity Now NY LLC v City of New York, 42 NY3d at 8). RPTL 1805 caps the assessed value increase of certain individual parcels (see id.; Tax Equity Now NY LLC v City of New York, 42 NY3d at 8).
To comply with this statutory framework, a parcel's taxable value is determined by estimating its full fair market value, which is calculated by application of a multifactor mathematical formula, multiplying that market value by the fractional assessment rate for that parcel's property class, and multiplying the taxable value of the parcel by the current tax rate for that parcel's property class (see Tax Equity Now NY LLC v City of New York, 42 NY3d at 8-9). The tax rate is a proportional rate based on each class's RPTL 1803-a share of that class's tax burden, which is determined by the RPTL 1803-a statutory formula (see Tax Equity Now NY LLC v City of New York, 42 NY3d at 9). This calculation yields the individual property owner's tax obligation, which may be adjusted based on any applicable exemptions or abatements, and the adjusted amount is then billed to the property owner (see id.).
The term "current base proportion" (hereinafter CBP) denotes the tax share of each class adjusted to take into account relative changes in market value (see RPTL 1803, 1803-a[1]; Matter of New York Tel. Co. v Nassau County, 267 AD2d 629, 630). The ABP represents a CBP adjusted to reflect the addition or removal of property from the assessment roll, or the addition or improvement to existing property, or physical or quantitative changes within a class (see RPTL 1803[2], 1803-a[5]; Matter of New York Tel. Co. v Nassau County, 267 AD2d at 630). RPTL 1803-a(5) provides "the legislative body of each special assessing unit shall adjust such current base proportions to reflect . . . the full or partial removal from the assessment roll of property by reason [*3]of fire, demolition, destruction or new exemption or any change in the class designation of any parcel of real property subsequent to the taxable status date of the latest final assessment roll for which class equalization rates have been finally adopted" (see id. § 1803[2][a]).
Here, the Supreme Court should have denied those branches of the County defendants' motion which were for summary judgment dismissing the first, third, fourth, and fifth causes of action insofar as asserted against them and for declarations in their favor with respect to the first cause of action, as the County defendants failed to demonstrate, prima facie, that, based on the decommissioning and demolition of the power plant, they properly calculated the ABPs and class three tax shares for the 2014/2015 tax year and subsequent tax years (see id. §§ 1803-a, 1803-b, 1805). Moreover, the County defendants acknowledged a miscalculation of the ABP and tax rate for the 2016/2017 tax year. Accordingly, the court should have denied those branches of the County defendants' motion which were for summary judgment dismissing the first, third, fourth, and fifth causes of action, among other things, for declaratory and injunctive relief related to the County defendants' alleged miscalculation of the class three tax shares and resulting tax rates in the relevant taxing jurisdictions for the 2014/2015 tax year and each year thereafter and for related refunds, and for declarations in their favor with respect to the first cause of action regardless of the sufficiency of the plaintiffs' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
However, the Supreme Court properly granted those branches of the County defendants' motion which were for summary judgment dismissing the second cause of action, alleging, inter alia, violations of the Equal Protection Clauses of the United States and New York Constitutions, insofar as asserted against them and for declarations in their favor with respect to that cause of action (see US Const, 14th Amend, § 1; NY Const, art I, § 11). "The Federal and State Constitutions do not prohibit dual tax rates or require that all taxpayers be treated the same," but "require only that those similarly situated be treated uniformly" (Foss v City of Rochester, 65 NY2d 247, 256; see Tax Equity Now NY LLC v City of New York, 42 NY3d at 28). "Hence, taxing statutes, like other social and economic legislation that neither classify on the basis of a suspect class nor impair a fundamental right, must be upheld if the challenged classification is rationally related to achievement of a legitimate State purpose" (Tax Equity Now NY LLC v City of New York, 42 NY3d at 28 [alterations and internal quotation marks omitted]; see Matter of Long Is. Light. Co. v Assessor of Town of Brookhaven, 154 AD2d 188, 194). "The statute enjoys a presumption of constitutionality" (Tax Equity Now NY LLC v City of New York, 42 NY3d at 28 [internal quotation marks omitted]). "In other words, the legislature may treat one class of individuals or entities differently from others for tax purposes unless the difference in treatment is palpably arbitrary or amounts to invidious discrimination" (id. [internal quotation marks omitted]).
Here, the statutory tax framework of RPTL article 18 was designed to accomplish the tax-related objective of avoiding abrupt increases or shifts in tax liability over time, which is a rational tax-related purpose for the Legislature's different treatment of the different classes of properties (see Tax Equity Now NY LLC v City of New York, 42 NY3d at 29). Moreover, the County defendants demonstrated, prima facie, that any alleged miscalculation of the tax rates related to class three properties in the affected taxing jurisdictions did not rise to the level of a violation of the Equal Protection Clauses of the United States or New York Constitutions (see US Const, 14th Amend, § 1; NY Const, art I, § 11), as the alleged miscalculation did not amount to invidious discrimination (see Tax Equity Now NY LLC v City of New York, 42 NY3d at 28). In opposition, the plaintiffs failed to raise a triable issue of fact (see generally Zuckerman v City of New York, 49 NY2d 557, 562). Accordingly, the Supreme Court properly granted those branches of the County defendants' motion which were for summary judgment dismissing the second cause of action insofar as asserted against them and for declarations in their favor with respect to that cause of action.
In support of their motion, the plaintiffs demonstrated, prima facie, that the County defendants' tax calculation for the 2016/2017 tax year failed to accurately reflect the demolition of the power plant (see RPTL 1803-a). In opposition, the County defendants failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted that branch of the plaintiffs' motion which was for summary judgment declaring that the County defendants' tax calculation for the 2016/2017 tax year failed to accurately reflect the demolition of the power plant.
However, the Supreme Court properly denied the remaining branches of the plaintiffs' motion regardless of the sufficiency of the County defendants' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853), as the plaintiffs failed to demonstrate, prima facie, that the County defendants miscalculated the class three tax shares and resulting tax rates for any other tax year (see RPTL 1803-a, 1803-b, 1805).
Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Nassau County, for the entry of a judgment, among other things, making the appropriate declarations in accordance herewith (see Lanza v Wagner, 11 NY2d 317).
CONNOLLY, J.P., MILLER, VOUTSINAS and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court